(54 Misc. Rep. 119)

### BLISS v. MAYER.

(Supreme Court, Special Term, Westchester County. April 30, 1907.)

EASEMENT—CREATION BY IMPLICATION—RIGHT OF WAY.

Where plaintiff and defendant both acquired title to their property from
a common grantor, each deed referring to a map of the original property,
which showed S. avenue laid out as a street, and the descriptions therein
bounding their respective properties by the streets as laid out on the map,
including S. avenue, plaintiff secured an easement in the strip of land
designated as S. avenue, which attached as an appurtenance to his land,
the destruction or material impairment of which by defendant, by making
an excavation across S. avenue, he was entitled to enjoin.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Easements, §§
45–49.]

Action by Henry E. Bliss against Rosalynde De L. Mayer. Judg-
ment for plaintiff.

Cyrus A. Bishop, for plaintiff.
J. S. & S. M. Woods, for defendant.

TOMPKINS, J. The plaintiff seeks to enjoin the defendant from
making an excavation across Sherwood avenue, in the city of Yonkers,
and thus destroying or impairing the use and enjoyment of that street
by the plaintiff. It is agreed that the title of the property of both
plaintiff and defendant came to them from a common grantor; each
deed referring to a map of the original property, which was duly filed,
and which map shows Sherwood avenue laid out as a street about
66 feet wide, and each description of the plaintiff's and defendant's
properties bounds the respective properties by the streets as laid down
upon that map, including Sherwood avenue.

The plaintiff has sold lots out of his tract, in the deeds of which Sherwood avenue has been named as a street and as one of the boundaries. The street has never been fully graded, but is now open, and has been used to some extent by the plaintiff, defendant, and others. The defendant has laid out and worked through his property, and running north and south, and at right angles with Sherwood avenue, a street known as "St. James Terrace," which is not shown upon any map or referred to in the deeds, and it is the intention of the defendant to carry it across Sherwood avenue, which will require a cut across that avenue of from 2 to 9 feet in depth, and which will render impossible or impracticable the grading and use of Sherwood avenue as laid out upon said map. The natural grade of Sherwood avenue is very steep, and in order to make a useful street it will be necessary to do considerable cutting and filling, while the cut proposed by the defendant will render it very much more difficult, if not impossible, to establish a practicable grade.

The conveyance to the plaintiff secured to him an easement or right of way in the strip of land designated in the deed and on the map as "Sherwood Avenue," and such easement attached as an appurtenance to the land conveyed, and thereupon plaintiff acquired the right to insist at all times that it be kept open and unobstructed for the use and enjoyment of his premises, and that its usefulness as a highway should not be taken away. Haight v. Littlefield, 147 N. Y. 338, 41 N. E. 696. I find from the evidence before me that the defendant's proposed cut across Sherwood avenue will materially impair the adaptability and usefulness of that strip of land for highway purposes, and will prevent a proper grading of the street, and take away the plaintiff's use and enjoyment thereof and his means of access to and from his land.

Judgment for the plaintiff, with costs. Submit proposed findings.