PEOPLE ex rel. BRYAN et al. v. STATE BOARD OF TAX COM'RS.

(Supreme Court, Special Term, New York County. May, 1910.)

1. TAXATION (§ 317*)—SPECIAL FRANCHISE—RAILROAD TUNNEL—AUTHORITY TO MAKE ASSESSMENT—LOCAL OR STATE ASSESSORS.

A grant by the state of a right of way under the East River within which to construct a tunnel for the operation of the grantee's railroad confers only an easement, and not real estate capable of assessment by local assessors, and the tunnel is therefore properly embraced in an assessment by the state board of tax commissioners of the grantee's special franchise under Laws 1896, c. 908, § 2, subd. 3, as amended by Laws 1899, c. 712, providing for the taxation of franchises.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 525, 526; Dec. Dig. § 317.*]

2. EASEMENTS (§ 1*)—"RIGHT OF WAY."

A "right of way" simply means the right to pass over the lands of another, and is an easement conferring a privilege on the grantor's estate, but which does not give the grantee a right to enjoy the estate itself by exclusive occupation.

[Ed. Note.—For other cases, see Easements, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 7, pp. 6230–6234; vol. 8, pp. 7790, 7791.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. RAILROADS (§ 76*)—RIGHT OF WAY—GRANT FROM STATE—"PREMISES."

While in common parlance the word "premises" is used to signify land with its appurtenances, yet the usual meaning of the word in conveyances is the thing granted by the deed, and the term refers to the interest conveyed, and not to the land itself, and the word "premises" as used in a grant of a right of way under the East River for a railroad tunnel refers to the right of way granted, and not to the soil in the bed, of the river.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 195–201; Dec. Dig. § 76.*

For other definitions, see Words and Phrases, vol. 6, pp. 5509–5513; vol. 8, p. 7761.]

Certiorari by the People, on the relation of E. P. Bryan and others, against the State Board of Tax Commissioners to review an assessment of a special franchise. Assessment confirmed.

James L. Quackenbush (Chas. F. Kingsley and Ralph Norton, of counsel), for relators.

Edward R. O'Malley, Atty. Gen. (Arthur J. Cohen, of counsel), for State Board of Tax Com'rs.

Archibald R. Watson, Corp. Counsel (Curtis A. Peters, of counsel), for city of New York, intervening.

O'GORMAN, J. These are certiorari proceedings instituted under the tax law to review assessments of $3,175,000 and $3,350,000 for 1908 and 1909, respectively, made by the State Board of Tax Commissioners against the special franchises of the relators in the borough of Manhattan, city of New York. The illegality claimed is that the state board included in the assessments the value of the tunnel under East River; the relator's contention being that this tunnel is held under a patent from the state of New York and is real estate subject to local taxation, and not to be included, therefore, in the special franchise tax. The municipal authorities granted a right of way to the relators through Forty-Second street, in the borough of Manhattan, to build their tubes. The city, not having title to the bed of the East River, could not grant the relators a franchise therein, and the relators thereupon, under date of January 5, 1891, procured a grant from the state of "a right of way, 99 feet in width and 50 feet in height, within which to construct a tunnel for the use and operation of the above named grantee's railroad beneath the waters of the East River, upon and along the route of said railroad between the city of New York and Hunter's Point, in Long Island City, as shown in plan and profile upon the charts filed in the office of our Secretary of State with the water grant papers of the month of January, 1891, together with all and singular the rights, hereditaments and appurtenances to the same belonging or in anywise appertaining; to have and to hold the above described premises unto the said New York and Long Island Railroad Company, its successors and assigns, forever." Subdivision 3 of section 2 of the tax law (Laws 1896, c. 908), as amended by chapter 712 of the Laws of 1899, provides for the taxation of all franchises, rights, or permissions to construct, maintain, or operate surface,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

underground, or elevated railroads in, under, above, on, or through streets, highways, public places, or public waters; and the sole question involved is whether the grant from the state constitutes an absolute conveyance of the estate of the grantor, as claimed by the relators.

By express language the thing conveyed is a right of way for a specific purpose. A right of way simply means the right to pass over the lands of another, and is an easement which confers a privilege on the grantor's estate, but which does not give the grantee a right to enjoy the estate itself by exclusive occupation. Nothing passes as incident to the grant of an easement but what is requisite to the reasonable enjoyment of the privilege conferred, and the easement, being granted for a particular purpose, cannot be used for any other. Wash. Ease. & Serv. (4th Ed.) 43; Grafton v. Moir, 130 N. Y. 470, 29 N. E. 974, 27 Am. St. Rep. 533. The relators' sole right being a right of way, they can claim nothing more. Subject to this easement, the state, as owner of the soil, has all the rights and benefits of ownership. Brill v. Brill, 108 N. Y. 517, 15 N. E. 538. The right remains but an easement, although in perpetuity. Wetmore v. Bruce, 118 N. Y. 322, 23 N. E. 303; Herman v. Roberts, 119 N. Y. 40, 23 N. E. 442, 7 L. R. A. 226, 16 Am. St. Rep. 800. While in common parlance the word "premises" is used to signify land with its appurtenances, yet the usual and appropriate meaning of the word, when used in conveyances, is the thing demised or granted by the deed. Thus the term refers to the right, title, or interest conveyed, and not to the land itself. The word "premises" as used in the patent from the state necessarily refers to the right of way granted, and not to the soil in the bed of the river. 22 Am. & Eng. Ency. of Law, 1175. An easement, being an interest in land, can only be acquired by grant, and ordinarily by deed, or what is deemed to be equivalent thereto. Wash. Ease. & Serv. 43; Valentine v. Schreiber, 3 App. Div. 238, 38 N. Y. Supp. 417.

As the state did not convey title to the strip in question, and as the relators have a mere right, privilege or permission therein, the tunnel under the East River was properly embraced in the assessments by the State Board of Tax Commissioners, and the assessments are confirmed, with costs to the defendant.

Ordered accordingly.