OHIO MATCH SALES COMPANY, Plaintiff, *v.* MARTHA WASHINGTON EVERHARD and Others, Defendants.*

Supreme Court, New York County, July 30, 1925.

**Injunctions — action to restrain sale of corporate stock — dispute as to ownership of said stock precludes right to temporary injunction.**

Plaintiff, a corporation, in an action to restrain the sale of corporate stock, is not entitled to a temporary injunction pending a final determination of the action, where the ownership of the stock is disputed and the affidavits submitted on the motion leave the rights of the parties open to doubt and uncertainty.

MOTION by plaintiff for temporary injunction in action to restrain sale by defendant of certain stock.

INGRAHAM, J.  This is a motion for a temporary injunction restraining the defendant Martha Washinton Everhard from disposing of twelve certificates of stock, representing 120 shares of stock in the Ohio Match Company and twenty shares in the Ohio Boxboard Company.  The action is brought to secure a permanent injunction against the same defendant from disposing of these shares of stock and to compel her to surrender the certificates and the stock, represented thereby to the plaintiff, and to account for any sums received by her as dividends upon these shares.

The complaint states that the plaintiff was organized in 1904, with one Desmond O. Everhard, husband of the defendant Martha Washington Everhard, as president and general manager, in charge of the business of the plaintiff and of its main office located in New York city; that the certificates in question were issued to him between July 13, 1908, and December 9, 1915; that from the year 1913 until June 30, 1918, and thereafter, Everhard improperly appropriated to himself moneys of the plaintiff amounting to over $70,000, and to cover the shortages caused false entries to be made in the corporation books; that on or about June 30, 1918, he transferred by due and proper indorsement and delivered to the plaintiff the certificates of stock in question here; that plaintiff thereupon became the owner of the certificates and the stock; that the stock was not transferred as of record; that subsequently,

---

* See, also, 126 Misc. 23.

and during the year 1918 Everhard unlawfully took the certificates and delivered them to his wife, the defendant herein, and also paid over to her the dividends thereon; that on January 17, 1925, plaintiff notified this defendant that it was the owner of the certificates and the stock, and demanded that they be delivered to plaintiff; that she has refused to do so, and threatens to dispose of them; that, if she does dispose of them, the plaintiff will be irreparably injured; and that the plaintiff has no adequate remedy at law.

The answer denies all the allegations of the complaint, except that defendant admits the delivery of the certificates in question to her by her husband. It nowhere appears in the affidavits that the stock certificates were indorsed either to the plaintiff or in blank before their delivery to defendant. Defendant in her affidavit states that at the time of the delivery to her none of the certificates bore any indorsement or transfer whatsoever, and all of the certificates were duly indorsed by her husband in her presence and at the time of the delivery of them to her.

Plaintiff further endeavors to show a delivery of the certificates to it by an entry upon its ledger made by a deceased bookkeeper under an investment account of one hundred shares of the stock of the Ohio Match Company, twenty shares of the stock of the Ohio Salt Company, and twenty shares of the Ohio Boxboard Company, at a value of $58,000. There is no attempt to identify this stock by certificate numbers or otherwise, and in the absence of some identification it cannot be presumed that the stock mentioned in the entry is the stock involved in dispute here. A former secretary of Mr. Everhard states that she saw him place some certificates of stock in plaintiff's safe. Such certificates are unidentified, and there is no way of connecting them with the certificates now held by Mrs. Everhard.

The question of the ownership of the certificates and shares of stock involved in the present case is a much disputed one, and there is a well-defined issue thereon. It is well settled that, unless the rights of the parties are clear, the court will not exercise its power to grant an injunction, and that, where injunctive relief is sought pending the final determination of a case such as this, and based upon controverted affidavits, which leave the rights of the parties open to doubt and uncertainty, such relief should not be granted. (*Gambrill Mfg. Co.* v. *American Foreign Banking Corporation*, 194 App. Div. 425; *Reliance Grant Elevator Equipment Corporation* v. *Reliance Ball Bearing Door Hanger Co.*, 205 id. 320.)

Motion is accordingly denied, with ten dollars costs. Order signed.