The Ohio Match Sales Company, Plaintiff, *v.* Martha Washington Everhard, Individually and as Executrix, etc., of Desmond O. Everhard, Deceased, Defendant.

Supreme Court, New York County, September 29, 1925.

Injunctions — action to restrain sale by defendant of certain stock certificates and to set aside transfer thereof under Personal Property Law, § 19, as in fraud of creditors — another action pending involving same subject-matter — motion to dismiss complaint denied — causes properly consolidated — plaintiff entitled to sue for itself under Personal Property Law, § 19 — temporary injunction granted.

The complaint herein which seeks to restrain the defendant from transferring or otherwise disposing of certain certificates of stock and to set aside a transfer of said certificates from defendant's husband to said defendant on the ground that said transfer was in fraud of the rights of creditors, though dealing with the same subject-matter as does the complaint in a prior action against the defendant, individually, and as executrix of the estate of said husband, should not be dismissed on the ground that there is another action pending, since the parties herein are different, an additional cause of action under section 19 of the Personal Property Law is recited, and the imputation of bad faith on the part of the plaintiff is not sustained.

The plaintiff, however, is entitled to have the prior action discontinued on condition that it pay to defendant the taxable costs to date.

The consolidation of the action herein with the former cause of action against the defendant was proper, since both actions arose out of the same subject-matter.

Plaintiff, in the absence of any evidence disclosing other creditors, is entitled to sue for itself alone. If other creditors appear, the result obtained by plaintiff in the action herein will inure to their benefit under section 19 of the Personal Property Law.

Plaintiff, therefore, is entitled to a temporary injunction restraining the sale of said certificates, since the application is predicated upon rights arising out of the grievances of a creditor and it is clear that if the defendant be permitted to dispose of the stock, a trial may prove futile should it become necessary to reach the assets of the estate, especially if it become insolvent.

Motion by plaintiff for temporary injunction in action to restrain defendant from transferring certain shares of stock of plaintiff corporation.

*Chadbourne, Stanchfield & Levy* [*William Wallace, Jr.*, of counsel], for the plaintiff.

*Coombs & Wilson* [*Robert H. Wilson* of counsel], for the defendant.

Levy, J. In this action the plaintiff seeks to restrain the defendant from transferring or otherwise disposing of certain shares of stock alleged to belong to it, and to set aside the transfer of such stock from

the defendant's late husband to her, on the ground that it was in fraud of the rights of creditors. In February, 1925, a previous action was commenced by this plaintiff against the defendant and three corporations, whose stock also constitutes the subject of this litigation. There, a preliminary injunction was sought on the ground that the husband of this defendant, while in charge of the affairs of the plaintiff in New York, embezzled large sums of money belonging to it, and in order to make restitution he determined to transfer the shares of stock referred to in the complaint to the plaintiff. Thereupon, he deposited these in the latter's safe over which he had sole control, without, however, imparting any knowledge whatever to the plaintiff of either the embezzlement or of the act of restitution. These facts did not develop until his death in January, 1925, and while the alleged defalcation occurred in 1918, he continued to draw dividends on this stock. The motion for that injunction came on to be heard before Mr. Justice INGRA-HAM, who denied it for the reason that as the question of the ownership of the stock was much disputed, relief of that far-reaching character should not be granted in advance of the trial. (See 126 Misc. 21.)

The plaintiff then instituted this action in which it joins with the former cause one based upon section 19 of the Personal Property Law against the defendant individually and as executrix of the estate of her husband and in which it presents this application for an injunction *pendente lite*. In connection with the argument upon this, there were also presented two other motions, one by the plaintiff to discontinue the prior action and the other by the defendant to dismiss this action on the ground that there is another action pending, and it might be well to treat and dispose of them all in this memorandum.

While it is perfectly true that the complaint here deals with the same subject-matter as does the corresponding pleading in the first action, it is nevertheless different as to the parties litigant and contains an additional cause. The court is not convinced that this might have conveniently been accomplished by way of amendment, and the imputation of bad faith on the part of the plaintiff in this respect cannot, therefore, at this time be sustained. Consequently, the motion in behalf of the defendant to dismiss this action should be denied, and the motion in behalf of the plaintiff to discontinue the prior action should be granted on condition that the latter pay all taxable costs to date to the defendant.

Objection is urged that causes of action have been improperly united, but the court is not impressed by this. Both arise out of

the same subject-matter and they are as closely related as the causes of action seem to be in *Rogers* v. *Wheeler* (89 App. Div. 435). True it is that the remedies demanded are not entirely consistent, but there seems to be no need at present in any event for an election. The further objection is made that this action is brought by the plaintiff in its individual capacity instead of on behalf of all creditors similarly situated. In the absence of a showing that there are other creditors, the plaintiff may sue for itself alone and the validity of its claim may then be established. If there appear to be other creditors, under section 19 of the Personal Property Law, the result necessarily will inure to the benefit of all.

This brings us to perhaps the most important consideration in issue, the right of the plaintiff to a temporary injunction. The disposition of the former motion under the first action was due in large measure to the uncertainty of plaintiff's rights as equitable owner of the stock in question. The present application may be deemed to be predicated upon rights arising out of the grievances of a creditor. It is obvious that if the defendant is permitted to dispose of the stock, a trial may prove idle as very likely it will be utterly difficult to reach the assets of the estate, especially if it become insolvent, as she is serving as executrix without bond. On the other hand, by the restraining order she can suffer no injury which may not be compensable by a proper undertaking. The motion for an injunction will, therefore, be granted. Settle order. Respective counsel are at liberty to suggest what the amount of the undertaking shall be.