PIERCE KEEFE and Another, Appellants, *v.* ANNPAUL REALTY CO., INC., Respondent, Impleaded with I. BLYN & SONS, INC., Defendant.

Second Department, January 29, 1926.

Easements — right of way reserved across rear of defendant's lot to street as fire exit — action to restrain obstruction of right of way — pleadings — improper to allege in amended complaint granting of injunction pendente lite herein — plaintiffs consented that defendant might join buildings over exit if right of way was left accessible — findings that change of grade of exit by defendant and roofing exit did not interfere with access contrary to evidence — fact that entrance is through store of tenant is not material — right was reserved for entire property — not necessary for plaintiffs to show intention to change present structure.

It was improper for the plaintiffs in this action for a permanent injunction to allege in their amended complaint the granting of an injunction *pendente lite* herein.

In an action to restrain the defendant from obstructing a right of way reserved by the plaintiffs across the rear of defendant's lot to the street as a fire exit for the benefit of plaintiffs' building, which the plaintiffs subsequently consented might be roofed over by the defendant for the purpose of joining two of defendant's buildings, the finding by the court that a change of grade in the right of way and roofing the exit did not interfere with its use as a fire exit is contrary to the evidence.

The fact that the door leading from plaintiffs' premises to the exit is from a store rented to a tenant to which the other occupants of plaintiffs' building do not have access is immaterial, for in case of fire every person in the building would have the right to pass through the tenant's store for purposes of exit, and furthermore, the reservation of the right of way in the deed was made for the benefit of the entire property owned by the plaintiffs.

It was not necessary for the plaintiffs to show any intention on their part to change the present structure.

APPEAL by the plaintiffs, Pierce Keefe and another, from a judgment of the Supreme Court, in favor of the defendant, Annpaul Realty Co., Inc., entered in the office of the clerk of the county of Kings on the 20th day of April, 1925, upon the decision of the court rendered after a trial at the Kings Special Term, with notice of intention to bring up for review an order entered in said clerk's office on the 2d day of September, 1924, which strikes out a paragraph in plaintiffs' first amended complaint.

The action is for an injunction to restrain the respondent from interfering with or obstructing an alleyway connecting plaintiffs' premises on the west side of Fifth avenue with Fifty-third street.

*Fred L. Gross,* for the appellants.

*DeWitt Bailey,* for the respondent.

Kelly, P. J. The order brought up for review struck out a paragraph in the amended complaint in which the plaintiff attempted to plead the granting of an injunction *pendente lite* in this identical action. This order should be affirmed, without costs.

The action was brought for an injunction restraining the defendants from interfering with an alleyway to be used as a fire exit connecting plaintiffs'. premises on Fifth avenue, Brooklyn, with Fifty-third street. The plaintiffs complained that the defendant realty company, which had purchased premises at the ·southwest corner of Fifth avenue and Fifty-third street, across the rear or westerly end of which premises plaintiffs' alleyway or fire exit was located, had so interfered with the alleyway by lowering the grade of the floor thereof and by other encroachments therein as to destroy its use by plaintiffs or the occupants of their property on Fifth avenue to which the alleyway or fire exit was appurtenant.

Prior to June, 1912, the plaintiffs were the owners of a parcel of land and premises at the southwest corner of Fifth avenue and Fifty-third street, known as 5302 and 5304 Fifth avenue, with a frontage of approximately seventy-five feet on the west side of Fifth avenue and a depth of one hundred feet. On June 4, 1912, the plaintiffs conveyed the corner lot, 5302 Fifth avenue, to Glass and Lieberman, the deed containing a reservation as follows: " Reserving and except- ing, nevertheless, to the parties of the first part, their heirs and assigns forever, the right to the use of the five feet wide alleyway, across the rear or westerly extremity of the above described premises, for use as a fire exit from the premises known as No. 5304 5th Avenue, immediately adjoining the above described premises on the south." In 1924, Glass and Lieberman, who had organized the defendant Annpaul Realty Co., Inc., conveyed the premises 5302 Fifth avenue to that corporation. A building was erected on said corner lot fronting on Fifth avenue and ninety-five feet in depth, leaving the alleyway five feet in width open to the sky.

The defendant Annpaul Company had also acquired a lot on the south side of Fifty-third street adjoining the corner lot on the rear, and said defendant began the erection of a building on this Fifty-third street lot and planned to connect this new build- ing with the building on the corner. Defendant's plans contem-

plated roofing over the existing alleyway. There was a door at the south end of the alleyway opening into the first floor of the plaintiffs' premises, 5304 Fifth avenue. Fifty-third street west of Fifth avenue slopes down hill to the west; the grade of the alleyway was thus below the door and there was a step in place affording access between the door and the alleyway. While it would appear that the plaintiffs under their reservation of this alleyway had a right to insist that it be kept open for access to the upper floors of the building by ladders or fire escapes, that question is not involved in this appeal, because the plaintiffs are not here raising any question as to the roofing in or covering of the alleyway provided the use of the alleyway as a means of access to the existing door is not interfered with. The original plan of the defendant called for not only roofing over the alleyway, but also for changing the level or bed of the alley by excavating and lowering it several feet below the original level, and connecting it with Fifty-third street by a flight of steps. This proposed change would have made the floor or level of the alleyway several feet below the door connecting it with plaintiffs' premises. The plaintiffs thereupon brought this action to restrain such interference with the alleyway, and, after hearing, an injunction *pendente lite* was granted restraining the defendant from erecting any structure or building upon the aforesaid alleyway and from interfering with or obstructing such alleyway in any manner, except that said defendant might build above such alleyway provided that by doing so such alleyway shall remain five feet in width and that the location thereof as well as the grade and floor level thereof should remain as it was at the time the defendant acquired title to its corner lot, and that ample head room should be left to permit of the use of the alleyway as a fire exit, and provided that the doorway and the use thereof in the rear northerly wall of the plaintiffs' premises on Fifth avenue should not be in any way obstructed, shut off or interfered with to its full height. There is no dispute about the facts so far or as to the physical condition of the property prior to defendant's interference, or as to the temporary injunction. The learned trial justice has found all these facts. He has also found as matter of fact that plaintiff Pierce Keefe is still the owner of 5304 Fifth avenue, that said property is of substantial value and that such value is substantially enhanced by reason of the rights reserved by plaintiffs, their heirs and assigns, in the alleyway leading from the rear of 5304 Fifth avenue to Fifty-third street. And he made conclusions of law at request of the plaintiffs, that they were justified and warranted in commencing this action and in applying for and obtaining the preliminary injunction above referred to, and that such preliminary injunction " was properly

and necessarily applied for and granted." The defendant company did not appeal from the order granting the temporary injunction. It proceeded to alter its plans so as to avoid the contemplated drop in the floor level of the alleyway with the steps leading up to Fifty-third street at its outer or northerly end.

If the defendant had complied with this temporary injunction there would have been no occasion for proceeding further in the action, but when the defendant changed its original plans as directed by the court, the level of the alleyway was not restored to its original condition but was altered in such way that it was an incline running from the sidewalk grade on Fifty-third street to the plaintiffs' building, so that, when it reaches plaintiffs' building, the floor of the alleyway is from three feet nine inches to four feet below the door entering plaintiffs' premises, and in roofing in the alleyway defendant seriously limited the head room. Prior to defendant's interference with the alleyway, access to it from plaintiffs' building was had by means of the door referred to, a step was in place between the door and the floor of the alleyway, and the alleyway was open to the sky. Under defendant's present construction the step is entirely removed, there is the drop from plaintiffs' door to the level of the alleyway already referred to, defendant has opened a new door from the alleyway into its Fifty-third street building immediately adjoining plaintiffs' property, so as to effectually prevent the placing of any step or other means of communication between the alley and plaintiffs' door, and in roofing over the alleyway defendant has so obstructed the head room as to render it practically useless and dangerous for use as a fire exit. Persons obliged to use this alleyway as at present constructed for a fire exit would be first compelled to jump some four feet, the distance between the floor of plaintiffs' premises and the floor of the alleyway, and then to reach Fifty-third street as best they might. If the alley was graded up from Fifty-third street back to the level of the floor of plaintiffs' building, the head room at the door would be between three and four feet. Fire exits are very important in times of conflagration. The reservation of this particular alleyway or fire exit has been expressly found by the trial justice to be of substantial value to plaintiffs' adjoining property. A fire exit such as the defendant has left in this alleyway would be a grave source of danger and possible loss of life to people obliged to resort to it under existing conditions. And the court in its injunction *pendente lite*, which the trial justice has found " was properly and necessarily applied for and granted," expressly directed that the alleyway shall remain five feet in width and that the location thereof as well as the grade and floor level thereof shall remain as it was at the time of the making of the afore-

said deed containing the aforesaid reservation, and that ample head room be left to permit of the use of the alleyway as a fire exit, and provided that the doorway, and use thereof, in the rear northerly wall of the building on premises 5304 Fifth avenue be not in any way obstructed, shut off or interfered with for its then full height.

But notwithstanding the findings of fact and conclusions of law made by the learned trial justice and above referred to, the judgment appealed from dismisses the complaint upon the merits, with costs.

The learned trial justice finds that under the alterations in the plans of the defendant subsequent to the injunction *pendente lite,* there is no substantial change in the width or in the grade or level of the bed of the alleyway, and that the head room is sufficient for the reasonable and convenient use of said right of passage as a fire exit from plaintiffs' premises. It is apparent from his opinion filed that he bases these conclusions upon an examination of the premises made by him under stipulation of counsel. In his opinion he says it is apparent that the five-foot space is not now used as a fire exit, and that, regardless of the present use, if it be necessary as a fire exit, there is no material or substantial change in its present condition from that which the testimony shows existed before the alteration, with the exception that it was formerly uncovered but now is a covered five-foot space with sufficient head room to comply with its use as a fire exit. The learned justice says in his opinion: " Plaintiffs do not object to the building over the alleyway or seriously object to the present serviceability of the exit. The claim, however, is made that the plaintiffs have the right at any time to grade the alleyway to the level of the bottom of the fire door in the event of the erection of a new building by the plaintiffs upon their land. There is no proof that the plaintiffs intend to build or that they ever will change the present structure. While it is not necessary to wait for the actual occurrence of an injury, which may be reasonably expected, yet there must be a reasonable probability that injury will be done if injunction is not granted."

In his findings of fact the learned justice finds that the defendant Blyn & Sons, Inc., which defendant failed to appear or answer, is the tenant of the store on the ground floor of plaintiffs' premises 5304 Fifth avenue, under a lease which has five or six years yet to run. The learned justice finds as matter of fact that defendant Blyn & Sons, Inc., " is the only occupant of the said premises * * * who can obtain access from 5304 Fifth avenue to the said alleyway by way of the doorway in the northerly wall of said premises," and that the other occupants are the plaintiff Pierce Keefe and a photographer, " neither of whom can use said doorway

without entering the store of the defendant, I. Blyn & Sons, Inc., aforesaid."

While we should be slow to interfere with the findings of fact concerning the physical condition of premises which he has personally examined by consent of counsel (*Garvey* v. *Long Island R. R. Co.*, 159 N. Y. 323, 328), on the record here we are constrained to disagree with him in his finding that the defendant, respondent, has made no substantial change in the grade or level of the bed of the alleyway; that the roof or covering of the alleyway constructed by the defendant leaves sufficient head room for the use of the alleyway as a fire exit, and that the defendant's new structure does not interfere with the reasonable use of the right of way and does not render it less convenient or accessible. The surveys and plans introduced in evidence by both plaintiffs and defendant show a drop of four feet from plaintiffs' doorway to the floor of the plaintiffs' passageway without any step or facilities for persons leaving the door or to obtain access to plaintiffs' building in case of fire; and by reason of defendant's opening a new doorway from the alleyway into their building on Fifty-third street immediately adjoining plaintiffs' wall, no step can be erected such as formerly existed. The fact, found by the court, that the door enters the premises now occupied by the tenant of the first floor of plaintiffs' building and the fact that the other tenants in the building could not use the door without entering the store of the tenant on the ground floor, do not seem to be material, not only because in time of conflagration or danger to life all the tenants of the building would have the right to resort to the door, but because the reservation in the defendant's deed is not for the benefit of the present tenants of plaintiffs' present building, but is for the benefit of " the premises known as No. 5304 5th Avenue " and the reservation is to the plaintiffs and " their heirs and assigns forever." It is not exact to say that the plaintiffs do not object to the building over the alleyway or seriously object to the present serviceability of the exit. They are before the court protesting that defendant's changes in the alleyway seriously interfere with the rights expressly reserved in defendant's deed. Their alleged consent that the defendant might connect its building on Fifty-third street with its corner building on Fifth avenue was, it seems to me, always contingent upon the maintenance of their right to the use of this alleyway reserved in the deed. The defendant corporation never had any title to this alleyway save subject to this reserved right in plaintiffs, their heirs and assigns forever. And this reserved right was, as found by the learned trial justice, a substantial right enhancing the value of plaintiffs' property 5304 Fifth avenue. If the plaintiffs,

their successors or assigns, endeavored to grade the alleyway from Fifty-third street up to the level of the present door for convenience and safe use of the fire exit, they could not use the alleyway or fire exit under present conditions. The head room would be so limited as to make the way unusable. A " fire exit " is a reasonable, practicable, safe exit, not a mole hole. Prior to the plaintiffs' complaisant failure to object to the roofing in of this alleyway, open to the sky and available to every floor of the building now erected or which may hereafter be erected by the plaintiffs, their heirs or assigns, on the property 5304 Fifth avenue, the plaintiffs' property had appurtenant to it the unobstructed use of this alleyway, a substantial valuable right as found by the court. The learned trial justice says in his opinion: " There is no proof that the plaintiffs intend to build or that they ever will change the present structure." I do not think the plaintiffs were under obligation to offer any such proof. The right or easement so reserved belongs to the plaintiffs' property; it is " paramount to the extent of the grant, and those of the owner of the soil are subject to the exercise of such rights." (*Herman* v. *Roberts,* 119 N. Y. 37.) It was not reserved or limited for use of the present structure, 5304 Fifth avenue; it was reserved forever for the benefit of the property. It was an easement expressly reserved in the deed and is a property right which may be asserted whenever occasion requires. (*Haight* v. *Littlefield,* 147 N. Y. 338, 343.)

The judgment should be reversed on the law and the facts, with costs to the appellants, and judgment directed for the plaintiffs in accordance with the foregoing opinion.

Settle order upon notice containing reversal of such findings of fact and conclusions of law as may be necessary, and the making of findings and conclusions by this court.

RICH, JAYCOX, MANNING and YOUNG, JJ., concur.

Order striking out paragraph of amended complaint affirmed, without costs. Judgment reversed on the law and the facts, with costs to the appellants, and judgment directed for the plaintiffs in accordance with opinion. Settle order upon notice containing reversal of such findings of fact and conclusions of law as may be necessary, and the making of findings and conclusions by this court.