HYMAN SUTTIN, as President, etc., Plaintiff, *v.* UNITY BUTTON WORKS, INC., Defendant.

Supreme Court, New York County, July 26, 1932.

*Samuel Koner*, for the plaintiff.

*Daly & Salzberg*, for the defendant.

Schmuck, J. Despite the tendency to discountenance and discourage pleas for injunctions *pendent lite*, there arise instances for which no other remedy exists. When the harm resulting from illegal conduct is continuous and involves more than loss of money, equity may step in and restrain the continuing perpetration of wrong. Contracts between employer and employee represented by a trades union have been most prolific in this respect, so there is now a harvest of authority defining the respective rights of the parties to contracts of collective bargaining with respect to injunctive relief. Until recently the employer rather than the union invoked the power of the law, the latter content with the intimidation of strike and picketing. But of late labor unions, recognizing through bitter experience the hollowness of victory gained by strikes often attended by deplorable violence, have sought the aid of the courts in enforcing and protecting their right to the benefits of the contract. As a result we find judicial proclamation to the effect that labor unions have the right to make contracts with employers of labor for the promotion of the welfare of their members, and in furtherance thereof such agreements should receive legal sanction. Society and government are best served by extending to the union the same meed of protection accorded the employer. It is praiseworthy that a union, having made a contract and feeling aggrieved because of an alleged violation thereof by the employer, should come into a court of equity and there seek protection rather than to resort to a strike to redress the wrong. (*Ribner* v. *Rasco Butter & Egg Co.*, 135 Misc. 616.) Again in *Schlesinger* v. *Quinto* (201 App. Div. 487, 500) the court boldly asserts: " Therefore, when the employee, instead of resorting to force to secure his rights, an archaic method abandoned by civilized men, seeks redress in the tribunal constituted by the government to protect its citizens in their rights and redress their wrongs, it is the duty of the court to stop all individual attempts to take the law into their own hands, and compel both parties to await an orderly judicial determination of the controversy." Finally, in *Goldman* v. *Cohen* (222 App. Div. 631) we hear the court pronounce the rule that, where an employer is threatening a lockout of his employees in violation of his contract with the labor union in behalf of the employees, the right of a court of equity to restrain such conduct by the issuance of an injunction is beyond cavil.

Applying these principles to the matter under investigation, we find plaintiff presenting a situation in which equity may well intervene. For the necessity of this application it appears that a contract was entered into between the parties herein for a period expiring September 15, 1932, of which the vital part provided that the defendant agreed to employ members of the plaintiff union to the exclusion of all others engaged in the trade; that in the month of July, 1932, the defendant, in derogation of the contract, discharged certain of its employees and replaced them by workmen not members of the union. Under these circumstances, it is evident that the injury is not only continuous, but irreparable, for not only do the members of the union lose the opportunity to labor for profit, but the union loses in prestige and trade unionism in attractiveness, an injury incapable of compensation. As presented, the problem calls for immediate action, for injunctive relief will be of little avail if it must abide the trial. By that time the contract will have expired and the question become purely academic.

The plaintiff, showing *prima facie* a breach of contract, with continuous loss from day to day, resulting in irreparable harm, is, in view of modern jurisprudence, entitled to an injunction *pendente lite*. Settle order.