Ellsworth N. Lawrence, J.
This case presents an interesting legal question.
The undisputed facts are as follows: Plaintiffs own and reside at premises known as the Lakeview Grill in Saranac Lake. These premises, 40 feet wide, are situated on the south *4 west side of River Street. They extend to Lake Flower. Plaintiffs operate a bar and grill.
Defendant owns and resides at premises southeasterly of and adjoining the plaintiff. These premises, about 50 feet wide, also extend from the street to the lake. They are known as the Sandwich Shop and are operated as a restaurant.
All of the premises in question were formerly a part of the Lobdell property.
In 1905, by agreement between Lobdell and one Hall who owned other premises adjoining Lobdell on the southeast, a nine-foot road was established on the Lobdell-Hall division line leading from River Street to be used in common “ as an open and unobstructed passage way for ingress and egress to their respective properties ”. Four and one-half feet of that road was on each side of the division line. The road was referred to as an easement to “ run with the land ”.
In 1948 plaintiffs acquired title by deed to the Lakeview Grill property. That deed contained a right of way from plaintiffs’ southeast line 16.5 feet wide in a southeasterly direction to the nine-foot easement and the right to use the nine-foot easement.
Later in 1948 defendant and her late husband acquired title to the Sandwich Shop.
About a year ago defendant erected two signs upon her property. One of the signs was located near the northeast corner of the main building near the street. The other was located upon a fence which fence is also on defendant’s property near the intersection of the two rights of way. It faces northerly or northeasterly toward River Street.
These signs read as follows: ‘ ‘ THE SANDWICH SHOP. FREE PARKING FOR GUESTS ONLY. TRESPASSING STRICTLY FORBIDDEN UNDER PENALTY. OPEN FROM 7 A.M. TO 9 P.M.”
Plaintiffs bring this action for an injunction and damages, claiming that the signs deter and prevent patrons from using the right of way and prevent strangers, tourists, and car owners desiring to patronize the Lakeview Grill from using the right of way to plaintiffs’ parking lot in the rear of their own premises. They also claim that the fence extends into the nine-foot right of way. They also claim that defendant has neglected to maintain the nine-foot easement according to the 1905 agreement. Plaintiffs also claim that defendant refuses and continues to refuse to remove the fence and signs or to repair the road, and that the plaintiffs are injured and damaged in the use and benefit of their property. Plaintiffs claim that they have no adequate remedy at law.
*5 Plaintiffs seek a temporary injunction restraining defendant from maintaining the signs or any similar signs or deterring patrons from using the right of way. They also seek to order defendant to maintain her part of the right of way and enjoin defendant from maintaining the fence or any other obstructions.
It may be well to lay down the principles of law which apply here.
As the defendant points out in her brief, there is no essential disagreement between the parties as to the existence and location of the rights of way in question.
It seems clear that the 1905 agreement created an easement for the benefit of both the Hall and Lobdell properties. That right of way was to be used in common as an. open and unobstructed passageway for ingress and egress to their respective properties. It was nine feet wide. Its length was not defined in 1905, but by 1948 it is clear that it extended from River Street southwesterly to a garage then located at the rear of the Fina lot.
Hall and Lobdell each retained title to the four and one-half feet on his own side of the division line. What they conveyed to each other was the right in common to an easement, which has been defined to be the right to pass over the land of another. (People ex rel. Bryan v. State Board of Tax Commissioners, 67 Misc. 508; 77 C. J. S., Rights, p. 393.)
By the 1905 agreement, the nine-foot right of way was to be maintained at the joint and equal expense of Hall and Lobdell. Because their agreement specifically provided that it should run with the land and should bind heirs, executors, administrators and assigns subsequent owners of the Hall property and of the Lobdell property each had the privilege to maintain it and each was obligated to pay an equal share of the cost of such maintenance.
The subsequent owners of the Lobdell property had the same privilege and the same obligation as Lobdell had in 1905.
The next question is: what are the rights of the plaintiffs and what are the rights of the defendant in the nine-foot easement by reason of the 1948 conveyance to plaintiffs?
The plaintiffs’ grantor could convey to plaintiffs no more than he had. He had the right in common to use that nine-foot right of way and the title to four and one-half feet of it on his side of the division line.
While every intendment of a grant must be resolved in favor of the grantee, the grant of an easement ordinarily implies a reservation of the fee. (Auburn & Syracuse Elec. R. R. Co. v. Headley, 119 Misc. 94.) The intent of the grantor is the important consideration. (Dillon v. Moore, 269 App. Div. 1006, 270 *6 App. Div. 79, affd. 296 N. Y. 561.) We keep in mind that the conveyance of the right to use the nine-foot easement was accompanied by a right of way 16.5 feet wide across the remaining portion of the grantor’s property. We keep also in mind that the grantor referred to the garage in the conveyance itself. He must therefore be taken to have desired and intended to retain the fee to the four and one-half feet on his side of the old division line and in addition to have intended to retain the right to pass over the nine-foot easement in common with plaintiffs as well as in common with the subsequent owners of the Hall property.
The defendant of course has acquired all the rights and privileges and has assumed all the obligations thus retained by the plaintiffs’ grantor in the nine-foot easement.
The plaintiffs on the one hand and the defendant on the other thus each have the right in common to use the nine-foot easement. (Cf. Western Auto Supply Co. v. Kominz Tire Co., 48 N. Y. S. 2d 256.) This involves the right to use it with cars and trucks, for as to the parties to this action, such rights are derived from the 1948 conveyance and the modes of travel in use at that time are clearly implied.
It is unnecessary here to consider whether other modes of travel may be used in the future by these parties, or to consider possible objections by the subsequent owners of the Hall property. It is sufficient to point out that a right of way is not limited in use to the mode of travel at the time when the grant of an easement is made. (Dillon v. Moore, 54 N. Y. S. 2d 833, 839, revd. on other grounds, 270 App. Div. 79, supra; 28 C. J. S., Easements, § 87, subd. b, p. 767.)
The plaintiffs on the one hand and the defendant on the other are jointly responsible for one half of the cost of repairing and maintaining the nine-foot easement, the other one half being the responsibility of the subsequent owners of the Hall property. It would seem that plaintiffs should bear one quarter of such total cost and that defendant should bear one quarter. After all, their rights are equal, being in common, and their obligations should be equal.
Both the plaintiffs on the one hand and defendant on the other have the right to enter upon the nine-foot easement for the purpose of repair. (Herman v. Roberts, 119 N. Y. 37, 42; Huntington v. Asher, 96 N. Y. 604, 613; Roberts v. Roberts, 55 N. Y. 275; Paine v. Chandler, 134 N. Y. 385.) This is only doing what is reasonably necessary for the full enjoyment of the easement itself. (28 C. J. S., Easements, § 76, subd. b, p. 754; *7 Herman v. Roberts, supra; People ex rel. Bryan v. State Board of Tax Commissioners, 67 Misc. 508, supra; Grafton v. Moir, 130 N. Y. 465, 470.)
As to the making of repairs to this nine-foot easement and as to the maintenance thereof, as between the parties hereto, there seems to be this distinction: neither party can compel the other to make repairs nor to maintain the road. (Huntington v. Asher, 96 N. Y. 604, 613, supra.) The defendant is not required to do any positive act. (Brill v. Brill, 108 N. Y. 511, 516-517.) He is not required to take any affirmative action. He fulfills his duty if he does nothing to obstruct the right of access belonging to his neighbors. (Matter of City of New York [Northern Blvd.], 258 N. Y. 136, 154; 28 C. J. S., Easements, § 72, p. 750.)
But neither party can interfere with the making of repairs by the other. (Huntington v. Asher, supra; Herman v. Roberts, supra; Brill v. Brill, supra; 28 C. J. S., Easements, § 72, p. 750.)
We turn now to the rights of the plaintiffs and of the defendant in the 16.5-foot right of way conveyed to the plaintiffs in 1948. For reasons already stated, this conveyance was of an easement, the grantor reserving the fee. (Auburn & Syracuse Elec. R. R. Co. v. Headley, 119 Misc. 94, supra.) The subsequent conveyance to the defendant conveyed that fee to the defendant subject to the easement.
The plaintiffs have the right to use this 16.5-foot right of way with cars and trucks. (28 C. J. S., Easements, § 87, subd. b. p. 767.)
The plaintiffs have the obligation to repair and maintain the 16.5- foot right of way at their own expense. They may enter upon the 16.5-foot right of way to make repairs. The plaintiffs have the right to restrict such use of the 16.5-foot right of way by the defendant as is inconsistent with the enjoyment of the easement. (Herman v. Roberts, 119 N. Y. 37, supra.)
It must be remembered that the west (i.e. southwest) side of the 16.5-foot right of way, was, by the deed to plaintiffs, to be the “ front face ” of the garage building, as it existed in 1948. This is to be taken to indicate an intention that the plaintiffs’ grantor reserved the right to cross the 16.5-foot right of way to get to the garage. Hence the defendant, who has since moved the garage to another location, has the right to cross over the 16.5- foot right of way to get to the back of her lot. She cannot of course obstruct the right of way in so doing. (Herman v. Roberts, supra.)
We should now consider the problems if any, arising from the construction of a fence by the defendant. This fence extends *8 along the northeast side of the 16.5-foot right of way running southeasterly from the southeast corner of the garage building as presently located. It is all. northeast of the 16.5-foot right of way, although it may be very close to the boundary of that right of way. Plaintiffs allege that such fence extends “ out, on or into ” the nine-foot right of way. The defendant denies that such fence obstructs the right of way.
The court cannot be certain from the pleadings and affidavits just how far southeasterly that fence extends. A determination of that issue must depend on proof.
It is elemental that the defendant may construct a fence or not, on her own property (cf. Brill v. Brill, supra), provided of course that such does not interfere with or obstruct the rights granted to the plaintiffs in either of the rights of way. (Herman v. Roberts, supra; Brill v. Brill, supra; Houghtaling v. Stoothoff, 170 Misc. 773, affd. 259 App. Div. 854.)
If the fence extends into either right of way, such portion of it as does can clearly be removed as an obstruction. (Avery v. New York Central & H. R. R. R. Co., 106 N. Y. 142, 155-156.)
If it extends so nearly to the intersection as to make it impossible for vehicles to turn at a right angle, such could constitute an obstruction or an interference for we must keep in mind that the plaintiffs are the owners of the dominant tenement, and that such would be inconsistent with their rights. (Herman v. Roberts, supra.) The enjoyment of an easement may not be materially interfered with. (Keefe v. Annpaul Realty Co., 215 App. Div. 301; 28 C. J. S., Easements, § 95, subd. c, p. 778.)
The plaintiffs may be able, at a trial, to show that the removal of some part of the fence may be necessary for the free and full enjoyment of the easement. (McMillian v. Lauer, 24 N. Y. S. 951, 954.)
As already indicated, this issue as to the fence can only be resolved on a trial. It is impossible to forecast the outcome. Under these circumstances, the fence should not be removed at this time. Equity should not interfere as to that. (Elk St. Market Corp. v. Rothenberg, 233 App. Div. 243; Ohio Match Sales Co. v. Everhard, 126 Misc. 21; cf. Ohio Match Sales Co. v. Everhard, 126 Misc. 23; Maloney v. Katsenstein, 135 App. Div. 224; Birn v. Childs Co., 36 N. Y. S. 2d 250; 10 Carmody-Wait Cyclopedia of New York Practice, p. 622.)
The final question is whether the signs posted on defendant’s property may be enjoined during the pendency of the action, on the theory that they constitute, if not an obstruction, then a disturbance and an interference with plaintiffs’ easements.
*9 It must be kept in mind that there are two signs: one on the northeast corner of defendant’s main building near the street; and the other on the fence near the intersection of the two rights of way, which last sign is clearly visible from the street.
The first sign would appear to be sufficiently remote from the rights of way involved here so that it may be taken to be an advertisement of the defendant’s business and of the parking lot. Although it may later appear otherwise, at present it would seem to be relatively innocuous. Defendant has a property right in such a sign. (People ex rel. Wineburgh Advertising Co. v. Murphy, 129 App. Div. 260.) He should not ordinarily be restrained from advertising. (Addesleigh Park Homes v. Bouchey, 13 N. Y. S. 2d 208.)
A more difficult question is presented by the sign on the fence. True, it is on the fence, all of which seems to be on the defendant’s property. It is also true that it advertises defendant’s parking lot and thus induces trade. It is also true that it warns trespassers of possible legal action. Defendant may have a real concern about lawsuits by persons who might, without the warning of such a sign, fall into the deep water of Lake Flower at any season of the year.
But the gravamen of this last sign may well lie in its location with reference to the easements, the use of the word “ only ” in reference to parking by guests and the threat of prosecution. It may well be, by implication, that this sign deters plaintiffs’ guests and other persons transacting business with plaintiffs from the use of the rights of way, which, in the absence of a. special agreement to the contrary in the 1905 and 1948 conveyances, such persons may well have. It is well established that persons other than the plaintiffs, their family, employees, agent and servants have the right to use such easements. Guests certainly are included. (Drabinsky v. Sea Gate Assn., 121 Misc. 195, affd. 209 App. Div. 827; Pouy v. Mandia, 234 App. Div. 897; Carbone v. Wenner, 98 N. Y. S. 2d 596, 600.)
Courts have not hesitated to read reasonable implications into the terms of a grant. Every easement carries with it the right sometimes called a secondary easement, of doing whatever is reasonably necessary for the full enjoyment of the easement itself. (28 C. J. S., Easements, § 76, subd. b, p. 754. Tenenbaum v. Sea Gate Assn., 253 App. Div. 166; Herman v. Roberts, 119 N. Y. 37, supra; Huntington v. Asher, 96 N. Y. 604, supra; Roberts v. Roberts, 55 N. Y. 275, supra; Paine v. Chandler, 134 N. Y. 385, supra; Missionary Society of Salesian Cong. v. Evretas, 256 N. Y. 86; Arnold v. Fee, 148 N. Y. 214.) The same reasoning would seem to apply to the following.
*10 It needs little citation of authority to demonstrate that the owner of an easement has the right to bring an action to restrain obstructions. Like an obstruction, a disturbance (or an interference) is anything which wrongfully interferes with the privilege to which the owner of an easement is entitled, by making its use less convenient and beneficial than before. (28 C. J. S., Basements, § 96, p. 779.) It would therefore seem good law and good logic to hold that a disturbance or an interference could likewise be restrained and enjoined. And such I find to be the law even in cases where there is no physical obstruction. (Keefe v. Annpaul Realty Co., 215 App. Div. 301, affd. 243 N. Y. 647; Bliss v. Mayer, 54 Misc. 119; Nicholls v. Wentworth, 100 N. Y. 455 [which case involved the mere threat to build a fence]; see, also, Newman v. Nellis, 97 N. Y. 285; Fiebelkorn v. Rogacki, 280 App. Div. 20, affd. 305 N. Y. 725.)
Equity will lie to protect a right of way against interference or obstruction. (28 C. J. S., Easements, § 107, p. 791.)
Property rights of these plaintiffs may be protected by injunction. (See Interborough Rapid Transit Co. v. Lavin, 247 N. Y. 65, 82-83.)
From the pleadings and affidavits, the sign on the fence must be taken to constitute an interference with the property rights of plaintiffs in the two easements. Plaintiffs allege that they have no adequate remedy at law. They allege that they suffer a loss of business during the months of June to September inclusive. The next trial term of this court will not be held until November 13. (Cf. Suttin v. Unity Button Works, 144 Misc. 784, where the contract was about to expire.) Such interference may be enjoined.
This case is not one where we consider the words on the sign standing alone. There are many cases in which words or statements, perhaps in the nature of criticism or disparagement, are not in themselves the subject of an action for an injunction. (Marlin Fire Arms Co. v. Shields, 171 N. Y. 384; Advance Music Corp. v. American Tobacco Co., 268 App. Div. 707; Segal v. Associated Agents of America, 91 N. Y. S. 2d 49; 10 CarmodyWait Cyclopedia of New York Practice p. 570.)
But words may be the subject of injunctive relief when accompanied by other facts. (Rubino v. Slaughter, 136 N. Y. S. 2d 873; see 10 Carmody-Wait Cyclopedia of New York Practice p. 570, Supp. note 13.)
We are compelled here not to consider the words alone. We must remember that they are on a sign and that the sign is on the fence near the intersection of the two rights of way.
*11 This is not a situation such as was presented in Nann v. Raimist (255 N. Y. 307). There, as Chief Judge Cabdozo so well pointed out (p. 317), with picketing restrained, the plaintiff was in little need of protection by an injunction against words. Speaking of equity, he adds ‘ ‘ It intervenes in those cases where restraint becomes essential to the preservation of a business or of other property interests threatened with impairment by illegal combinations or by other tortious acts, the publication of the words being merely an instrument and incident. ’ ’
As I see it, this is not a case where- an injunction against obstructing the right of way will be enough, particularly because the fence must be allowed to remain until the trial, and perhaps afterwards. If the sign remains on the fence, the interference will continue.
All other cases and authorities submitted by the parties have been examined.
The plaintiffs may have a temporary injunction as follows:
1. The defendant may be enjoined and restrained from interfering with the use of the rights of way by plaintiffs, their family, agents, servants, employees, guests and persons transacting business with plaintiffs.
2. The defendant may be enjoined from placing any obstructions, blockades or impediments in the two rights of way.
3. The defendant may be enjoined and restrained from maintaining’, continuing and exposing the sign on the fence, unless the defendant, within 10 days after entry of the order herein and service of notice of entry thereof, shall stipulate to allow the plaintiffs to erect upon the fence facing toward and visible to the street, or alternatively at some point near the rear of the nine-foot right of way facing toward and visible to the street, a sign not larger than defendant’s sign and containing letters not larger than the letters on defendant’s sign, in the following words: “ Private Eoad to Lakeview G-rill Parking Lot. Enter Here and Turn Eight ”, or in such similar language as may be agreed to by counsel. In the event that defendant so stipulates, the plaintiffs ’ rights to an injunction regarding such sign shall terminate. See Westphal v. City of New York (177 N. Y. 140) and Estey v. Susquehanna Pipeline Co. (199 Misc. 290) for authority for this procedure.
In all other respects the application for an injunction is denied, during the pendency of the action.
The sign on the main building will not be enjoined for reasons already stated.
The defendant will not be enjoined from maintaining the fence in its present location at this time; that question must await the outcome of the trial.
*12 The defendant may not be enjoined or restrained as to repairs. What plaintiffs sought in the complaint and on this motion was to direct the defendant to maintain her part of the nine-foot right of way. As already indicated, equity will not do that. Plaintiffs have the right to make such repairs and if the defendant interferes with their so doing, such interference may be enjoined. But plaintiffs have not sought that relief, nor is there at present any apparent need for them to do so.
Settle order at the Town Hall at Saranac Lake at 2 p.m.