■ H. H. Apartments, Inc., Respondent, v. Beachcliff Realty Corp., Appellant.— Appeal from so much of a judgment entered after trial before an Official Referee (1) as declares that parcels "C" and "E" have an easement of right of way over a strip of land in the City of New Rochelle, known as Beach Avenue, from Davenport Avenue to the waters of Long Island Sound, as shown on a designated map made in 1853, inuring to the benefit of respondent, tenants and guests occupying designated units of apartments, for all lawful purposes, including ingress and egress, picnic and recreational purposes, sunbathing, boating and bathing, (2) as enjoins appellant from interfering with such uses over the strip of land, and (3) as directs the removal forthwith of an existing fence and gate. Judgment modified on the law (1) by striking from the first decretal paragraph the words "Parcels 'A', 'B' and 'D'" and by substituting therefor the words "Parcels 'A', 'B', 'D' and 'E'", (2) by striking from the second decretal paragraph everything following the words "New Rochelle, N. Y." and by substituting therefor the words and figures " and the occupants of the two southerly units of building numbered 4, which are constructed upon Parcel 'C' and Parcel 'E', known as 39 and 43 Davenport Avenue, New Rochelle, N. Y., are enjoined and restrained from using Beach Avenue, with the right to the plaintiff, its successors or assigns, as to the two westerly units of building numbered 3, known as 25 and 29 Davenport Avenue, and as to the two southerly units of building numbered 4, known as 39 and 43 Davenport Avenue, to apply for relief at the foot of this judgment consistent with the decision of the court dated September 20, 1957, if and when these four units are reconstructed; and it is further", (3) by striking from the third decretal paragraph the words "Parcels 'C' and 'E'" and "have" and by substituting therefor respectively the words "Parcel 'C'" and "has", (4) by striking from said third decretal paragraph everything following the words "Bryson Map" and by substituting therefor the words "and it is further", (5) by striking from the fourth decretal paragraph everything beginning with the words "three units" and ending with the words "boating and bathing" and by substituting therefor the words and figure "one unit, known as 35 Davenport Avenue, New Rochelle, N. Y., which building is constructed upon Parcel 'C', are entitled to the free and unobstructed use of Beach Avenue as a right of way to Long Island Sound", and (6) by striking from the fifth decretal paragraph everything following the words "restrained from" and by substituting therefor the words "erecting and maintaining any fence, posts, gate or obstruction barring access to Beach Avenue unless a gate therein along Davenport Avenue be left open for the use of those persons who are hereinabove adjudged to be entitled to easement rights". As so modified, judgment insofar as appealed from affirmed, with costs to appellant. The findings of fact are affirmed. No easement was ever granted in favor of Parcel "E". There was no subsequent conveyance with reference to the filed map showing Beach Avenue and the subject parcels (*Newman* v. *Nellis*, 97 N. Y. 285, 289–290; 28 C. J. S., Easements § 39, pp. 701–702). The use of the term

"appurtenances" in the conveyances of the parcels did not serve to create an easement (*Parsons* v. *Johnson*, 68 N. Y. 62, 65–66; *Swezey* v. *Berry*, 143 Misc. 372, 375). The fence presently on the property should be allowed to remain so long as it is left open to afford access to those entitled thereto. It enables appellant to keep out intruders (*Pouy* v. *Mandia*, 234 App. Div. 897). The action was brought to have an easement of right of way declared. The easement depends on the language in the 1853 deed providing for "a right of way * * * from Davenport Avenue * * * to Long Island Sound". It was error to enlarge this right of way to include uses foreign to the grant, i.e., "all lawful purposes, including * * * picnic and recreational purposes, sunbathing, boating and bathing". (*Grafton* v. *Moir*, 130 N. Y. 465, 471; *People ex rel. Bryan* v. *State Bd. of Tax Comrs.*, 67 Misc. 508, 509, affd. 142 App. Div. 796.) Wenzel, Acting P. J., Murphy, Ughetta and Kleinfeld, JJ., concur; Hallinan, J., concurs in the deletions and substitutions made in the first, second, third and fifth decretal paragraphs and in the deletion from the fourth decretal paragraph of the words "three units, known as 39, 43 and 35 Davenport Avenue, New Rochelle, N. Y., which building is constructed upon Parcel 'C' and Parcel 'E'" and in the substitution therefor of the words "one unit, known as 35 Davenport Avenue, New Rochelle, N. Y., which building is constructed upon Parcel 'C'", but dissents from the deletion of the words "for all lawful purposes, including ingress and egress, picnic and recreational purposes, sunbathing, boating and bathing" from said paragraph and from the substitution therefor of the words "as a right of way to Long Island Sound", and votes to modify the judgment as so indicated, and as so modified to affirm the judgment insofar as appealed from, with the following memorandum: The majority construes the "right of way" granted in the 1853 deed as a right of passage and nothing more. It is, however, well settled that the meaning of words varies with the context (*Taggart* v. *Murray*, 53 N. Y. 233). Here the very name of the easement area (Beach Avenue) suggests that it was intended to be used for activities usually associated with beaches. Logic has compelled appellant to concede that the beach portion of the "Avenue" may be used for normal beach purposes, even though this use is not mentioned in the grant. There is nothing to show that the intent of the grant was any different with respect to the rest of the easement, or where a dividing line was intended to be drawn. Therefore, the Referee's determination in this respect should not be disturbed.