■ MILES COVERDALE, Respondent, v CYNTHIA ZUCKER, Also Known as CYNTHIA MARKS, Appellant, et al., Defendants. [714 NYS2d 718] —In an action, *inter alia,* for a judgment declaring that the plaintiff has the exclusive right to possess certain real property, the defendant Cynthia Zucker, a/k/a Cynthia Marks, appeals from an order of the Supreme Court, Nassau County (Carter, J.), entered October 14, 1999, which granted the plaintiff's motion to direct her to remove a sign from the plaintiff's property.

Ordered that the order is modified, in the exercise of discretion, by adding a provision thereto directing the plaintiff to remove the sign which states "Private Drive 3 No Trespassing" from the entrance to the plaintiff's driveway; as so modified, the order is affirmed, without costs or disbursements.

By judgment dated March 31, 1998, the Supreme Court declared that the plaintiff was entitled to sole possession of a driveway on his property (hereinafter the Coverdale driveway) which runs from the street and, *inter alia,* connects with another driveway on the appellant's property. Subsequently, the plaintiff erected a sign which states "Private Drive 3 No Trespassing" (hereinafter the "No Trespassing" sign) at the entrance to the Coverdale driveway. On a prior appeal in this action, this Court reversed the judgment dated March 31, 1998, finding that the appellant had an easement by prescription over the Coverdale driveway and directed the entry of an amended judgment (*see, Coverdale v Zucker,* 261 AD2d 429).

On August 13, 1999, the appellant erected a sign stating "5 Service Entrance", and placed it on the plaintiff's property next to the driveway. The plaintiff moved to compel the appellant to remove her sign. In opposition, the appellant did not contest the plaintiff's assertion that her sign was on the plaintiff's property. However, she argued it was a proper response to the plaintiff's interference with her use of the easement by, *inter alia,* the erection of the plaintiff's "No Trespassing" sign. In the order appealed from, the Supreme Court granted the plaintiff's motion to direct the appellant to remove her sign.

Under the circumstances of this case, the placement of the

"No Trespassing" sign by the plaintiff was intended to prevent the appellant from using the easement, and in fact discouraged and interfered with the appellant's use of the easement. Although the appellant's placement of her sign was a measured and reasonable response to the plaintiff's failure to remove his "No Trespassing" sign, it is appropriate that both parties should remove the signs at issue here so as to return this entire matter to the status quo ante (*see, Wechsler v People,* 147 AD2d 755; *Brearton v Fina,* 3 Misc 2d 1; *see also,* 49 NY Jur 2d Easements and Licenses in Real Property, § 145 at 258-259). Ritter, J. P., S. Miller, Friedmann and Florio, JJ., concur.