■ MAR-LOS I. L.P., Respondent, v WASTE MANAGEMENT OF NEW YORK CITY, L.P., Appellant. (And a Third-Party Action.)

[744 NYS2d 482] —In an action, inter alia, for a judgment declaring that the defendant has no right to use a certain railroad crossing without the plaintiff's permission, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Schulman, J.), dated January 5, 2001, which, inter alia, denied the defendant's motion for summary judgment dismissing the complaint, granted in part the plaintiff's cross motion for summary judgment, and declared that the plaintiff had the exclusive right to use the railroad crossing pursuant to a licensing agreement granted by the Long Island Rail Road and that the defendant was not permitted to use that crossing without the plaintiff's consent.

Ordered that the order and judgment is modified, on the law, by deleting therefrom the provisions which granted in part the plaintiff's cross motion for summary judgment and made the declarations, and substituting therefor a provision denying the plaintiff's cross motion for summary judgment; as so modified, the order and judgment is affirmed, with costs to the defendant.

The plaintiff and the defendant own property bordering the tracks of the third-party defendant, the Long Island Rail Road (hereinafter the LIRR) to the north and Newton Creek to the south. Neither property is directly connected to a public street. The properties north and south of the LIRR tracks were originally owned in common and were bordered on the north by Review Avenue. When the property was divided, two 25-foot wide easements were created so that the property south of the tracks as well as certain property north of the tracks would have access to enter and exit from Review Avenue. One easement leads from Review Avenue to the northern side of the tracks. A second easement starts on the southern side of the tracks and runs from the plaintiff's property to the defendant's property. Thus, the two easements are bisected by the railroad crossing that is owned and operated by the LIRR. Therefore, in order to make use of the easements and in order to access Review Avenue from both the plaintiff's property and the defendant's property that is to the south of the tracks, the railroad crossing over the LIRR tracks must be used.

In 1986 the plaintiff's predecessor-in-interest entered into an agreement with the LIRR, granting it an exclusive license for the use of the railroad crossing. That license was later assigned to the plaintiff. In 1989 the plaintiff wrote a letter to the defendant's predecessor-in-interest in an attempt to enforce its exclusive license, but took no further action when the defendant's predecessor-in-interest refused to stop using the crossing. In July 1998 the plaintiff wrote a similar letter to the

defendant, and when it failed to comply, commenced the instant action, alleging that the defendant's use of the railroad crossing was unauthorized and, inter alia, seeking a judgment declaring that the plaintiff was entitled to the exclusive use and possession of the railroad crossing.

Thereafter, the defendant and the plaintiff moved and cross-moved, respectively, for summary judgment. The Supreme Court denied the motion and granted the cross motion, in part, and entered a judgment, inter alia, declaring that the plaintiff had the exclusive right to use the railroad crossing and that the defendant was not permitted to use the crossing without the plaintiff's permission.

The defendant showed the existence of factual questions as to, inter alia, whether the covenants in its deed and the covenants in the deeds in the plaintiff's direct chain of title required the plaintiff to refrain from entering into an agreement with the LIRR which would prohibit the defendant from using the railroad crossing in question without the plaintiff's permission (*see Mambretti v Poughkeepsie Galleria Co.,* 288 AD2d 443; *Thrun v Stromberg,* 136 AD2d 543; *cf. Coverdale v Zucker,* 276 AD2d 579). Accordingly, the Supreme Court erred in partially granting the plaintiff's motion for summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320).

In light of this determination, we need not reach the defendant's remaining contentions. Florio, J.P., O'Brien, McGinity and H. Miller, JJ., concur.