ALLEN J. ARNOLD et al., Appellants, *v.* JAMES FEE et al., Respondents.

EASEMENTS — INGRESS AND EGRESS. A grant, in a deed, of an easement in an alleyway " for ingress and egress along the alley line of the premises hereby deeded," for a specified distance, " and no more and for no other purpose," does not import a restriction of the use to any particular mode of ingress or egress, such as foot travel on a sidewalk in the alley, although that may have been the mode in use at the time of the grant; and as long as the alley is used for ingress and egress only, the easement will not be extinguished by subsequent changes in the uses and occupancy of the dominant premises by reason of which the passageway may be more frequently used by foot passengers, as well as by horses and vehicles.

Reported below, 87 Hun, 502.

(Argued January 6, 1896; decided January 14, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made at the June term, 1895, which affirmed a judgment in favor of defendants, entered upon a decision of the court at Special Term, sustaining a demurrer to the complaint.

The complaint asks judgment, in substance, restraining the defendants from using a certain alley, except for the ingress and egress of themselves and persons having legitimate business with them, or the occupants of buildings upon the premises. From the allegations of the complaint, it appears that one Ulrich, owning a tract of land upon North avenue and Franklin street, in the city of Rochester, conveyed to one Hahn a portion thereof fronting upon Franklin street and which was bounded upon its northwesterly side by an alley leading from Franklin street to what were known as the Palace stables. The northwesterly boundary line extended along the alley for 98 feet. The deed of conveyance contained the grant of " the privilege of the main alley leading to the Palace stables, so called, as an easement for ingress and egress along the north line or alley line of the premises hereby deeded, for the distance of ninety-eight feet west from Franklin street and no more and for no other purpose." About the

time of this conveyance to Hahn, Ulrich conveyed the remainder of the tract to one Perry subject to the easement mentioned. By various mesne conveyances, the premises described in the deed to Hahn have been conveyed to the defendants and those described in the deed to Perry to the plaintiffs. At the time of the making of these deeds, a brick house stood upon the property conveyed to Hahn, some distance back from Franklin street, with its northwesterly wall upon the line of the alley. Upon the southerly line of the alley was a sidewalk, and a door opened from the house upon it. This sidewalk led to the Palace stables and was, also, used by the occupants of the brick house for the purpose of ingress and egress to their premises. Subsequently, the defendants erected an addition to the house, so as to extend it to Franklin street, and the premises were used as a restaurant, or beer garden. Later, the defendants built upon the rear thereof, professedly as an addition to the restaurant. The complaint then charges that the defendants changed the purposes for which the premises were used; that they intended to convert the same into a farmers' hotel and to make of the structure added to the rear of the original building a barn, or stable, for the accommodation of hotel customers; that the defendants claimed the right to use the whole of the alley for the ingress and egress of carriages and wagons to said barn or stable, and that such threatened use of the alley would damage the plaintiffs, who maintained upon their premises large and valuable buildings for the purpose of stabling horses and storing vehicles and which their customers reach by passing along the alley from Franklin street.

The defendants demurred to the complaint, for insufficiency of facts to constitute a cause of action, and the demurrer was sustained at Special Term. Upon appeal by the plaintiffs to the General Term, the interlocutory judgment entered in favor of the defendants was affirmed. The plaintiffs now appeal to this court; the General Term having certified the case to be one of sufficient importance to render a decision by us desirable.

*William F. Cogswell* for appellants.   A substantial change in the mode of the user of an easement will not be permitted, and if made will cause the extinction or suspension of the easement. (Goddard on Easements, 303; *Allan* v. *Gomme,* 11 Ad. & El. 759; *Henning* v. *Burnet,* 8 Exch. R. 187; Washb. on Easements, 240.)

*John H. Hopkins* for respondents.   Even if the deed of Hahn had not contained an express grant of the right of way, yet, the premises conveyed being bounded by the south line of the alley, Hahn and those claiming under him would have had the right to the free use of the alley for all purposes for which it might be required for the legitimate enjoyment of the premises conveyed. (*Cox* v. *James,* 45 N. Y. 557, 561, 562; *Stetson* v. *Dow,* 16 Gray [Mass.], 372; *Baker* v. *Mott,* 28 N. Y. Supp. 968; *Hennessy* v. *Murdock,* 137 N. Y. 317.) The purposes for which a private way, created by grant, may be used, depend upon the terms of the grant.   If it is in general terms, it gives the grantee free use of the whole and every part of the way, and it may be used in any manner and for any purpose reasonably necessary; and where the way is granted for all purposes it cannot be restricted to one purpose, because the owner thereof has had occasion, for a long series of years, to use it for that purpose only. (19 Am. & Eng. Ency. of Law, 107; Washb. on Ease. & Serv. [4th ed.] 254, 269; *Roberts* v. *Karr,* 1 Taunt. 495; *Bakeman* v. *Talbot,* 31 N. Y. 366; *Cox* v. *James,* 45 N. Y. 557; *Haight* v. *Littlefield,* 147 N. Y. 338; *Welsh* v. *Taylor,* 134 N. Y. 450.)

GRAY, J.   The dispute between the plaintiffs and the defendants is over the true construction which is to be given to the language of the grant in the deed to Hahn, the defendants' predecessor in title, whereby an easement in the alleyway was reserved to the grantee.   The grant is of "the privilege of the main alley leading to the Palace stables, so called, as an easement for ingress and egress along the north line or alley line of the premises hereby deeded, for the distance of ninety-eight feet west from Franklin street and no more and

for no other purpose." We are asked to construe this grant as one merely of the privilege to use the sidewalk of the alleyway for ingress and egress along the line of defendants' property, and to hold that a change in the mode of the user is prohibited and would cause an extinguishment of the privilege or easement. The request assumes, and such is the argument, that with the grant of the privilege runs some limitation upon its enjoyment. This limitation is said to be found in the description of the privilege, commencing with the words "as an easement for ingress and egress, etc." These "additional words," as the learned counsel for the plaintiffs terms them, seem to furnish some ground for his argument; but, in our judgment, they cannot be so narrowly construed without importing into the language employed an element of intention, which is at variance with the apparent general purpose of the grant and which the situation of the parties at the time seems rather to deny. These words rather emphasize an intention of the original grantor that, while the alleyway might be used by the owner of the dominant tenement, that use should be confined to the purpose of passage to and from Franklin street and to the extent that it might be needed by the property bordering upon the way.

The language, in which the grant of the privilege of the alleyway is couched, is of too general a nature to warrant the construction that the use was to be restricted to any particular mode of ingress or egress. The words ingress and egress are as applicable to the passage of horses and carriages, as they are to the passage of foot passengers. The alleyway extended from Franklin street to a point in the rear of the defendants' property and the concluding words of the grant, "and no more and for no other purpose," have obvious reference to the extent in length of the alleyway, which should be properly available to the defendants for the use of the same for the purpose of ingress and egress.

Nothing in the language of this grant conveys the idea of an intended limitation upon the existence and continuance of the privilege, in the event that the defendants should change

the character or uses of their property bordering thereupon; so long as the alleyway is made use of for the same purpose as before, that is to say, in order to pass to and from Franklin street. The cases of *Allan* v. *Gomme* (11 Ad. & E. 759) and *Henning* v. *Burnet* (8 Exch. R. 187), to which the learned counsel for the plaintiffs refers, are not authorities which conflict with the construction which we think should be given to the language of this grant. The former case related to the reservation of a right of way to a stable and the loft over the same and the space under the loft, then used as a woodhouse. Lord DENMAN, who delivered the opinion, said: "The present case does not, however, depend upon the mode of using the way, but upon the legal effect of the reservation. Upon that we are of opinion that, under the terms of this deed, the defendant is not entitled to have the right of way claimed, but that he is to be confined to the use of the way to a place which should be in the same predicament as it was at the time of the making the deed." In the other case of *Henning* v. *Burnet*, the grant was of a way to a dwelling house, coach houses and stables, and the question was whether the defendant was justified in using the way to reach a certain field. In each case, a limitation was imposed, with respect to the privilege of the way, which is not to be found in the present case; where the grant is without any other limitation than a restriction of the use of the alley for the purposes of ingress and egress. It is unnecessary for us to say whether, if the privilege is to use a way to accomplish a certain purpose, as in the English cases, the privilege might lawfully be extended to accomplish other purposes, though not effecting a change in the mode of use of the way. That is not this case. We have here a case where the defendants are entitled to an easement in the alleyway and subject to which the plaintiffs became the owners of the adjoining property. In the general language, in which the easement was granted, we find no limitation upon the use of the way, in so far as it is for ingress and egress. The easement cannot be extinguished by changes in the uses and occupancy of the defendants' property, by reason

of which the passageway may be more frequently used by foot passengers, as well as by horses and vehicles, without importing into the language of the grant a meaning which the words, standing by themselves, do not convey. That we could not do without disregarding a principle of construction, which regards everything as passing by a grant which is necessary to its reasonable enjoyment.

We think the judgment appealed from should be affirmed, with costs; with leave, however, to the plaintiffs to amend their complaint, if so advised, within twenty days after the service of a copy of the order upon our remittitur.

All concur, except Vann, J., not sitting.

Judgment accordingly.