Louise B. Dillon, Respondent, *v.* Nick Moore, Appellant.

Third Department, November 14, 1945.

*Rowland L. Davis,* attorney (*Charles H. Gardner* of counsel), for appellant.

*Angell & Fitzgerald,* attorneys (*William C. Maher* of counsel), for respondent.

BREWSTER, J. The plaintiff brought this suit in equity for, and by the judgment appealed from has obtained, injunctive relief restraining defendant from certain alleged trespasses and compelling him to remove a certain building erected by him and alleged to encroach upon an alleyway in and to which she asserted a written title to a right of way. The *locus in quo* is in the city of Cortland.

Plaintiff's right of way is founded upon a grant, by deed made to her in 1912, wherein it is described as being *"from the rear of the premises above described* [being the granted lands] *to Railroad Street upon and over the same driveway used by the occupants of the Grand Central Block adjoining said premises on the north."* Plaintiff's lands front on Court Street. Directly in their rear are the lands of the defendant which front on Central Avenue (formerly Railroad Street). Central Avenue and Court Street are approximately parallel with easterly and westerly course. The depth of defendant's lands is 100 feet from the south side of Central Avenue, with a further extension southerly for approximately 30 feet to the north line of plaintiff's land. The controversy between the parties is as to the location and extent of plaintiff's right of way over that part of defendant's lands which extend from his 100 feet line of depth southerly directly to plaintiff's north line.

When defendant acquired his title he acquired the portion of the large brick business block, Grand Central Block, which occupied his lot from Central Avenue back for 90 feet. This had been erected as one building with party walls long prior to the time plaintiff acquired her title. It extended easterly and westerly beyond what is now defendant's ownership for considerable distances, and as such has been and continues in various other ownerships, and the ground floors were designed and used for various stores and other enterprises. At or a short distance easterly of the block there was and still is an alleyway 9 feet wide extending southerly from Central Avenue to the open space in the rear of the brick block. Generally stated, plaintiff's right of way is from the rear of her

land through such open space to and over the said 9-foot-wide alleyway leading to Central Avenue. It was in deeds from early owners that a right of way came into being over the aforesaid 9-foot-wide alleyway and from thence westerly to and in the rear of the stores within the block. In its establishment the described westerly course of location was given no more precise width or definite location than that it was said to be "of sufficient width and suitable for all purposes of a right of way and so that teams may pass each other." It was further described that it was to be used in common by the grantors and grantees and by the owners, occupants, and tenants of the brick block. All this was by grants made in 1887 and 1895. The vagueness and indefiniteness in the width and ground location of the right of way at the rear is emphasized by the fact that at those times the space in the rear of the brick building was, as to the area in question, some 40 feet wide. Long before plaintiff acquired her title defendant's predecessors in title erected two small wooden buildings at the rear of the part of the brick block he now owns. These were close together and so dimensioned and located within the aforesaid 40-foot-wide space that a driveway of some 9 to 10 feet wide was afforded between them and the loading platforms attached to the rear of the brick building, and the right-of-way space on the other side, viz.: between the structures and plaintiff's north line, was correspondingly narrowed so as not to exceed 15 feet. This situation existed when plaintiff received her grant. In 1942 defendant removed these structures and built a one-story cement block extension onto the southeast corner and end of the old brick building. This blocked the former driveway space above referred to which had been between the old structures and the loading platforms and *continued,* but did not lessen, the narrowed space on the other side for a few feet easterly (apparently for about 15 feet). The new extension was located no farther south (toward plaintiff's north line) than were the old structures which it superseded. But the judgment in question has sustained plaintiff's contentions that the terms of her grant must be construed to include her right (1) to the use of the "north alley," as it has been termed, now wholly blocked, and (2) the entire open space to the east, at the rear of defendant's building, as it existed prior to the erection of the new extension. Plaintiff's rights arise wholly from her grant, and not by way of prescription, adverse use or implication. I feel constrained to hold that there was no sound or sufficient basis for the construction which has been given to the

terms of plaintiff's grant. The intent of plaintiff's grantors in making it is the important consideration, and in determining that, in full submission to the rule that its terms are to be taken most strongly against them, I fail to find sufficient evidence to sustain the amplification which has called forth the injunctive relief. Defendant's rights to the use of his land, as the servient tenement, may be restricted only by a construction of the words creating the dominant one which reasonably amplified them so as to fairly function the use and accommodation intended. (*Andrews* v. *Cohen,* 221 N. Y. 148; *Grafton* v. *Moir,* 130 N. Y. 465; *Tyler* v. *Cooper,* 47 Hun 94.) The evidence which manifests the relevant intent fails to establish her contentions. Her grant was of a participation in an existing right of way which had originated many years before. The main objective in its creation was to give the owners and occupants of the brick block ingress and egress between Railroad Street (Central Avenue) and the rear of their building. The entrance from the street was the 9-foot-wide alley and from thence westerly into a much wider space. As to the occupants of the building, the way they used naturally led to and along the rear of the structure. It would seem that any interplay in the use of the common way westerly of the owner's occupancy of the brick block was but an incidental objective, the main purpose being to afford them a way to the public street. Plaintiff's grant was one of four which came from a common source. All of them were designed to give owners of lots fronting the other way, and on Court Street, ingress and egress between the rear of their lots and Railroad Street (Central Avenue). Here, as to them, any common interplay of use of way to and from various parts of the rear of the brick block was manifestly out of mind. The first of these grants was in 1899 to Frank W. Higgins as to a lot near the plaintiff's east line; the second was in 1906 to Hubbell as to a lot next to plaintiff's west line; the third was in 1912 to R. Paul Higgins as to a 10-foot-wide parcel adjacent to the east line of plaintiff's land and contemporaneously with its execution came the fourth to plaintiff. The depth of all these premises, back from Court Street, granted by unburdened fee, was the same, viz.: 90 feet. In all of these grants, excepting the plaintiff's, it was stipulated in the definition of the right of way that the servient tenement " shall be kept open and shall not be built upon or obstructed for at least fifteen feet from " the rear of the granted premises, and in all of them the right of way was identified and described as being " *to Railroad Street upon and over the same driveway used by the*

*occupants of the Grand Central Block* ", etc. Thus while for some unexplained reason the grantor's covenant as to the 15-foot dimension of freedom from obstruction was omitted from the grant to plaintiff, such may not be said to give her unlimited access to such open spaces back of the brick block as she claims, and which are not needed by her as access to Railroad Street. The reference made in plaintiff's deed, as in the others, to the driveway to Railroad Street used by the occupants of the brick block was by way of identification of the way granted from the rear of the lots fronting on Court Street, out to the other street. The evidence renders it ineffectual to otherwise characterize or enlarge the nature or extent of such use. While the defendant's new structure may and doubtless does render plaintiff's use of her right of way at times somewhat more inconvenient, such in itself is indecisive (*York* v. *Briggs*, 43 Hun 639, opinion in 7 N. Y. St. Rep. 124), and I fail to see where any invasion of her legal rights has been established. The judgment should be reversed and the complaint dismissed.

All concur.

Judgment reversed on the law and the facts, and the complaint dismissed, with costs.

The following findings of fact and conclusions of law, made by the court below, are reversed and annulled, viz.: of Fact Nos. 22, 25, 31, 36, 37, 38, 40, 41; and of Law, Nos. 1(a), (b), (c), (d), and (e). And the court adopts and finds the following requests to find made by the defendant, viz.: of Fact, Nos. 17, 21, 22, 24, 26, 27, 29, 30, 31, 32, 33, 34 and of Law, Nos. I, II, III, IV. [See amended decision 269 App. Div. 1006.]