The People of the State of New York ex rel. Stanley Ferraiolo, Appellant, against J. Vernel Jackson, as Warden of Clinton Prison, Respondent.— Motion for leave to appeal to the Court of Appeals denied. All concur. [See *ante,* p. 920.]

William Jones, Appellant, v. State of New York, Respondent. (Claim No. 27238) — Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, without costs. All concur. [See *ante,* p. 920.]

Laura B. Gregory et al., Respondents, v. Walter A. Jacobs et al., Appellants, et al., Defendants.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, without costs. All concur. [See *ante,* p. 921.]

Louise B. Dillon, Respondent, v. Nick Moore, Appellant.— Former decision in the above cause (270 App. Div. 79) is modified, on the court's own motion, to read as follows: Judgment reversed on the law and the facts and the complaint dismissed, with costs. Opinion by Brewster, J. All concur. The following findings of fact and conclusions of law as made and found by the court below are reversed and annulled, viz.: Findings of fact numbers 16, 17, 19, 20, 21, 22, 23, 24, 25, 31, 36, 37, 38, 40 and 41; and of law numbers 1 (a), (c), (d) and (e). And the court adopts and finds the following requests to find made by the defendant, viz.: Findings of fact numbers 17, 21, 22, 24, 26, 27, 29, 30, 31, 32, 33, 34, and of law numbers I, II, III and IV.

Arthur Bilyeu, Respondent, v. Hod Carriers Building and Common Laborers' Union, Local No. 17, Appellant.— Motion for reargument denied, with $10 costs. Motion for leave to appeal to the Court of Appeals denied. All concur. [See *ante,* p. 919.]

In the Matter of the Claim of Howard Peters, Respondent, against Gleason Works, Appellant. Workmen's Compensation Board, Respondent.— Appeal by employer from a decision and award of the Workmen's Compensation Board awarding disability benefits. There is evidence that claimant was engaged in the usual course of his employment when injured. The employer had oral notice of the accident and was not prejudiced by failure to give written notice. There is evidence to sustain the finding of causal relation. Award affirmed, with costs to the Workmen's Compensation Board. All concur. [See 270 App. Div. 782.]

In the Matter of the Claim of John R. Szyjka, Respondent, against Buffalo Artistic Upholstering Company et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal by employer and carrier from an award for reduced earnings for twenty weeks in the year 1943. The evidence sustains the finding made by the board. Award affirmed, with costs to the Workmen's Compensation Board. All concur.

In the Matter of the Claim of David Israel, Respondent, against Ramble Properties, Inc., et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal from a decision of the Workmen's Compensation Board that claimant sustained an accident arising out of and in the course of his employment. Claimant was employed as a manager of a building used as a rooming house, which was frequented by many unsavory characters. He was assaulted in front of the building as he was about to depart on an errand in connection with his employment. There was evidence from which the inference might be drawn that the assault arose out of his management of the property. Decision affirmed, with costs to the Workmen's Compensation Board. All concur. [See 270 App. Div. 782.]