Owen McGivebn, J.
This is a motion for a temporary injunction to compel the defendant to remove obstructions to egress from party-wall balconies.
The parties own adjoining buildings constructed by a common owner about 1878. There is some evidence that party-wall bal *838 conies were in existence from the time of construction to 1909, according to filed plans in the Building Department. There is no record that these balconies were ever removed and they continue to exist to this date.
Plaintiff purchased premises 1641 First Avenue on December 23, 1958, and defendant purchased the adjoining premises, 1639 First Avenue on January 19, 1960.
On February 11, 1959 the Building Department approved alteration plans for the renovation of the interior of 1641 First Avenue by the plaintiff. The said plans as approved included a continued existence of the party-wall balconies connecting 1639 and 1641 First Avenue in the rear of both buildings.
Other than the party-wall balconies connecting the two buildings in the rear, there is no secondary means of fire egress from the south rear apartments on the second, third, and fourth floors of 1641 First Avenue.
In May, 1961 the defendant boarded up and padlocked the front exit of 1639 First Avenue after having the building-vacated. As a result of this, the party-wall balconies in the rear of the two buildings, which were the only means of secondary fire egress from 1641 First Avenue, became ineffective and blocked since there no longer existed a through passage from the said party-wall balconies out into the street. ‘1 An easement is a permanent right conferred by grant or prescription, authorizing one landowner to do or maintain something on the adjoining land of another, which, although a benefit to the land of the former and a burden upon the land of the latter, is not inconsistent with general ownership.” (Trustees of Southampton v. Jessup, 162 N. Y. 122, 126.)
It is a well-settled general rule that where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude, at the time of the severance, is in use and is reasonably necessary for the fair enjoyment of the other part of the estate, upon the severance of the ownership a grant of the right to continue such use arises by implication of law (17 N. Y. Jur., § 62, p. 327). “It is the law of this State that an easement created by grant, express or implied, can only be extinguished by abandonment,- conveyance, condemnation or adverse possession.” (Gerbig v. Zumpano, 7 N Y 2d 327, 330.)
' The existence of the easement has been sufficiently established for the purpose of this action in equity and temporary injunctive relief. The equities require maintenance of the status quo under rights as claimed by plaintiff.
*839 The motion is granted. An early trial may be had, if desired. Settle order, at which time suggestions may be submitted as to the amount of the bond.