Howard A. Zeller, J.
This is a motion by plaintiff for summary judgment made pursuant to CPLB 3212 in an action brought for a declaratory judgment declaring that the plaintiff is entitled to the free use and enjoyment of a stairway and stairs once situated on defendant’s adjoining premises and leading to the second floor of plaintiff’s premises, and declaring that defendant’s premises is burdened with a permanent easement for such stairway to the benefit of plaintiff’s property. Defendant requests summary judgment dismissing the complaint. The elemental facts are not in dispute.
Prior to July 31, 1902, Burnett E. Miller and wife were the owners of a parcel of land in Cortland, New York, designated as 87-89 Main Street. By deed dated July 31,1902 and recorded in the Cortland County Clerk’s office on August 22, 1902 in Liber 103 of Deeds at page 526, the Millers conveyed that northerly portion of the parcel known as 87 Main Street to Edward L. Tanner. Plaintiff is the successor in title from Millers to the southerly portion known as 89 Main Street. Defendant is the successor in title from Tanner to 87 Main Street.
The 1902 deed from Millers to Tanner includes a number of grants and mutual covenants concerning rights of way, right of attachment, footing ways and water and sewer line easements, from which it is a fair conclusion that the parties contemplated both would build on their respective parcels and that there would be a common party wall between the two buildings. It further appears from the deed that the parties contemplated that Tanner’s construction at number 87 would precede Millers’ construction at number 89. This in fact occurred and both buildings were in existence by 1910 with a common wall, presumably constructed by Tanner.
The deed also contained the following provision:
“It is further mutually understood and agreed that the parties of the first part, their heirs, executors, administrators and assigns, may have a perpetual right or easement to use as a tenant in common with the parties of the second part, his heirs and assigns, a stairway and stairs therein for the purpose of entrance to and exit from the floor of the second story of any building which may be erected by the party of the first part, their heirs and assigns, adjoining the premises herein conveyed to the south: said stairway and stairs to be constructed by the party of the second part leading from Main Street to the second floor of the building about to be built by the party of the second part upon the premises hereby conveyed and upon the south *502 side of said building, and the parties of the first part are to have the privilege of maintaining a door-way from the upper landing of said stairway to such building as may be erected adjoining the building of the party of the second part on the south, provided that such door-way shall not exceed three feet in width.” * * * And later in the deed, — “It is further understood and agreed that all covenants and provisions of this instrument shall be for the benefit of and binding upon the heirs and assigns of these parties.”
The Tanner building did contain such a stairway and stairs with an entry into Millers’ building, and the stairs were used in common for over 50 years by the second floor occupants of both buildings. However, on December 25, 1963, the Tanner building (the defendant’s) was destroyed by fire, including the stairway leading to the Millers’ building (plaintiff’s). By order of the Building Inspector of the City of Cortland the Tanner building remains were removed and number 87 Main Street is now a vacant lot except for the common wall which still stands and supports the Miller building.
The precipitating point of this action is that 1 ‘ plaintiff has been deprived of the only means he had for direct ingress and egress to his second floor from Main Street. ’ ’ Plaintiff without avail has requested defendant to supply a stairway and stairs and even has offered to construct the same provided defendant or his successors equitably reimburse plaintiff for its cost should the defendant or his successors ever avail themselves of its use.
Defendant refuses to provide a stairway for plaintiff’s use and further refuses to allow plaintiff access to the premises at number 87 Main Street for any purpose. Plaintiff is threatened with the loss of the present second floor tenant at 89 Main Street.
Defendant argues that the deed reservation created an easement only in the building erected by Tanner and not in the land, so that the easement itself was forever extinguished by the total destruction of the Tanner building. Defendant claims that the erection of a stairway by plaintiff against the party wall would be an encroachment on his land and that he has no affirmative duty to supply plaintiff with a stairway and stairs.
Both the factual circumstances and the points of interpretation and law raised by defendant appear somewhat novel to the courts of New York State, which nevertheless have laid down long since the foundation for determining the questions here presented relative the nature and extent of the servitude imposed by the Millers’ deed to Tanner.
An easement appurtenant is an incorporeal property right in a so-called servient estate in favor of a dominant estate. An *503 appurtenant easement is commonly created by reservations in the deed to the servient estate, with the terms “ heirs and assigns ”, “ forever ” and “ perpetual ” often used to designate the grantor’s intent to create the characteristic permanent servitude on a parcel conveyed in favor of a parcel retained by the grantor. But the discernible intent of the grantor rather than any particular language used is the primary determinant of the exact nature and extent of the reservation and servitude imposed. (Dillon v. Moore, 269 App. Div. 1006, 270 App. Div. 79, affd. 296 N. Y. 561; Chain Locations of Amer. v. County of Westchester, 20 Misc 2d 411, affd. 9 A D 2d 936; Adirondack Power & Light Corp. v. Evans, 226 App. Div. 490; Mittnacht v. Montana, 205 App. Div. 643; Farrington v. Bundy, 5 Hun 617; Allen v. Greenberg, 21 Misc 2d 763; Brearton v. Fina, 3 Misc 2d 1; see 28 C. J. S., Easements, § 4, subd. c.)
Once created, an easement appurtenant cannot be unilaterally terminated by the grantee of the servient estate and is not readily extinguished otherwise. “It is the law of this State that an easement created by grant, expressed or implied, can only be extinguished by abandonment, conveyance, condemnation or adverse possession.” (Gerbig v. Zumpano, 7 N Y 2d 327, 330; see Conabeer v. New York Cent. & Hudson Riv. R. R. Co., 156 N. Y. 474; Welsh v. Taylor, 134 N. Y. 450; Strevell v. Mink, 6 A D 2d 350; Finch v. Unity Fee Co., 211 App. Div. 430.)
The punctuation in the deed clause establishing the easement sets the reservation thereof apart from the recitation of the means or mode whereby in the contemplation of the parties it then was to have been presently exercised. Clearly the Millers and Tanner intended by the original grant, and as part of the consideration involved, to place upon Tanner the financial burden of erecting both the party wall and the stairway serving the second floor of their respective buildings. However, the financial arrangement for the additional benefit of the Millers cannot be construed as either limiting or defining the servitude imposed. It must be kept in mind that there was no existing structure to which the servitude could attach and thereupon be confined in 1902 when the Millers conveyed to Tanner. These initial parties to the deed were physically contemplating vacant land, and the Millers’ contemplated plans of construction clearly intended to utilize permanently a part of the Tanner fee. Much more than a mere license (as defendant urges) to use Tanner’s building was intended. (See Nemmer Furniture Co. v. Select Furniture Co., 25 Misc 2d 895.)
The inescapable conclusion from the deed language, the arrangements set forth and the circumstances of the properties *504 is that both parties also intended that the fee conveyed to Tanner would further bear the physical burden of the stairway permanently. Thus, both discernible intent and the language employed bespeak an easement appurtenant reserving unto the Millers, ‘ ‘ their heirs, executors, administrators and assigns * * * a perpetual * * * easement ” over the Tanner lot. (Farrington v. Bundy, 5 Hun 617, supra.)
And while every intendment of a grant should be resolved in favor of the grantee, the grant of an easement appurtenant, although the language may not be precise, nevertheless and ordinarily implies that reservation from the fee conveyed as is necessary to effectuate the intended easement. (Dillon v. Moore, 269 App. Div. 1006, 270 App. Div. 79, affd. 296 N. Y. 561, supra; Brearton v. Fina, 3 Misc 2d 1, supra; Auburn & Syracuse Elec. R. R. Co., v. Headley, 119 Misc. 94; see, Klein v. Fifth Development Corp., 32 Misc 2d 837; Holden v. Palitz, 2 Misc 2d 433, 438.)
The mere destruction of the building through or by means of which the dominant estate enjoyed its easement up to that time does not extinguish the easement. (See Gerbig v. Zumpano, 7 N Y 2d 327, supra.) But neither does the destruction of defendant’s building place an affirmative duty upon him. The defendant is not required to do any positive act to supply the means whereby plaintiff and predecessors enjoyed their easement. Defendant’s duty to the dominant estate is fulfilled if nothing is done to obstruct the right of access and such reconstruction in the general dimensions of the original construction as is necessary to enjoy that right. (Matter of City of New York [Northern Blvd.], 258 N. Y. 136; Herman v. Roberts, 119 N. Y. 37; Brill v. Brill, 108 N. Y. 511; Huntington v. Asher, 96 N. Y. 604.)
This court finds that the 1902 deed conveyance from plaintiff’s predecessor in title of a part of his lands to defendant’s predecessor reserved a permanent easement over the fee conveyed; that the destruction of defendant’s building did not extinguish such easement; and that plaintiff at his own sole expense is entitled to reconstruct a stairway serving the second floor of 89 Main Street on and over such easement reserved in the fee of the premises at 87 Main Street, as is necessary to support that stairway generally in its original dimensions. Conversely, and under the terms of the grant, defendant or his successors have a right of use without contribution over any stairway constructed by plaintiff. As a corollary, should defendant or his successors so build as to utilize the area of plaintiff’s easement, such construction should either preserve any stairway *505 structure of plaintiff’s thereon, or provide at the servient owner’s sole expense an adequate common replacement way without other than reasonably necessary construction interruption to the right of way. The foregoing burdens of stairway replacement costs have been so laid to avoid the imposition under the guise of equitable contribution by the owner of either estate upon the owner of the other what could be impossible or confiscatory financial liability.
Plaintiff’s motion for summary judgment should be granted to the extent as indicated; defendant’s motion for summary judgment should be denied. No motion costs are awarded.