NORMAN F. LEVY et al., Appellants-Respondents, *v.* T.C.A. HUDSON STREET INCORPORATED, Respondent-Appellant, et al., Defendant.

First Department, July 6, 1967.

*Alvin I. Goidel* of counsel (*Warren M. Goidel* with him on the brief; *Harry A. Goidel,* attorney), for appellants-respondents.

*Ruth Schoonmaker* of counsel (*Frederick P. Glick,* attorney), for respondent-appellant.

McNALLY, J. Plaintiffs' motion for summary judgment on the first cause of action should be granted. Plaintiffs seek the removal of an encroachment on and to enjoin further interference with plaintiffs' right of way.

Plaintiffs own real property located at the southeast corner of Greenwich and Desbrosses Streets in the County of New York

known as 9-13 Desbrosses Street and 443-453 Greenwich Street. It is a rectangular parcel, 200 feet and 2 inches on Desbrosses Street and 175 feet and 4 inches on Greenwich Street; improved with a seven-story commercial building, with an elevator shaft and loading bank around it extending beyond the easterly boundary and into the parcel adjoining on the east. Plaintiffs' title derives from a deed dated March 15, 1956, out of defendant Rector, Churchwardens and Vestrymen of Trinity Church in the City of New York (Trinity). Trinity then also owned the parcel east of plaintiffs'. Defendant-appellant T. C. A. Hudson Street Incorporated (T. C. A.), the owner of the easterly parcel, is the grantee thereof under a deed from Trinity dated June 24, 1965. Between the two buildings is an alley which is a part of defendant's fee. The 1956 deed grants an easement in the property of the grantor, Trinity, now T. C. A.'s, for the maintenance of the elevator shaft and loading bank of the building on T. C. A.'s property which extends into the alleyway and thereby encroaches on defendant's fee so long as plaintiffs' building stands. In addition, said deed grants a driveway easement in the easterly parcel over the alley which is described by metes and bounds as approximately 30 feet in width and 175 feet in depth. The easement is subject to a reservation to the grantor to erect any structures in the alley provided they are no lower than 15 feet above the driveway, and to erect supporting columns along the easterly and westerly sides provided the width of the driveway is " not thereby * * * diminished to less than 20 feet ", except as to an area not here involved.

The deed to T. C. A. is subject to the easements granted in the 1956 deed. Plaintiffs' affidavit establishes and T. C. A. does not deny that on February 23, 1966, it erected a platform on its parcel which extends over the said alley and which is less than 15 feet above the ground. This platform and its supports reduce the width of the usable portion of this right of way to 17 feet, 8½ inches. Plaintiffs demanded and T. C. A. refused the removal of said platform.

There is no dispute as to the facts. The sole issue is as to the legal effect of the grant of easements in the deed of March 15, 1956. The only relevant intent is that expressed in the deed which is to be ascertained from the whole instrument. (Real Property Law, § 240, subd. 3.) The deed in its entirety provides for a right of way no less than 20 feet in width, except as to a portion not here involved, subject only to the right of the owner of servient estate to erect structures overhead no less than 15 feet above the ground. There is not here involved a general easement for a stated purpose. This is a driveway easement

specifically defined as to its minimum width. (*Matter of City of New York* [*West 10th St.*], 267 N. Y. 212, 221.) There is no ambiguity and no need to resort to the rules of construction. If there were ambiguity, the view favorable to plaintiffs, who are in the shoes of the grantee of the easement, would control (*Dillon* v. *Moore,* 270 App. Div. 79, 82, affd. 296 N. Y. 561), and T. C. A., as grantee of Trinity, who reserved the right to erect structures, is circumscribed by the view of the reservation most favorable to the grantee under the deed of 1956 to plaintiff's predecessor in title. (*Blackman* v. *Striker,* 142 N. Y. 555, 560.) If there be ambiguity, defendant T. C. A. has failed to set forth any interpretation of the 1956 deed consistent with the grant of easement and reservation therein contained.

The order appealed from should be modified, on the law, with costs, and plaintiffs' motion for summary judgment on the first cause of action granted.

STEVENS, J. P. (dissenting). I dissent and vote to affirm. The contentions of the parties may be summarized briefly.

Plaintiffs contend the easement was specific, existed over the entire driveway, and the 20-foot limitation existed only in the event of construction of a structure subject to certain enumerated conditions.

Defendant urges the easement is specific in that it is one for ingress and egress, that the way of such ingress and egress was not specifically bounded therefore it is only such a passage as is reasonable and necessary. Defendant urges, as the owner of the servient estate, it has a right to make any proper use of its land so long as it does not unreasonably interfere with plaintiffs' easement rights, and plaintiffs have failed to plead and show they do not have a reasonable way for ingress and egress. Moreover, says the defendant, the qualifying clause acted solely to limit its otherwise general right to erect overhead structures by limiting the lowest level of such structure and by limiting the placement of necessary supporting walls and columns.

It is not clear whether the descriptions involved is a description of the way for ingress and egress or a description of the land subject to the easement for ingress and egress.

In my view the easement is not so explicitly defined as to fall within the rationale of *Matter of City of New York* (*West 10th St.*) (267 N. Y. 212). Nor is support for defendant's position so evident that the rule of *Grafton* v. *Moir* (130 N. Y. 465) applies. The instruments creating the easments must be construed according to the intent of the parties, so far as that intent can be

gathered from the whole instrument (Real Property Law, § 242, subd. 3). However, the language here used is reasonably susceptible to more than one interpretation. The court, therefore, will look to the " surrounding circumstances existing when the contract was entered into, the situation of the parties and the subject-matter of the instrument." (*Wilson* v. *Ford,* 209 N. Y. 186, 196.) These matters can only be ascertained at trial. The original grantor is a movant party defendant, though not a party to this appeal, and the issues can be clearly presented and fairly resolved by a trial.

STEUER and RABIN, JJ., concur with McNALLY, J.; STEVENS, J. P., dissents in opinion in which EAGER, J., concurs.

Order entered on January 23, 1967, modified, on the law, with $50 costs and disbursements to the plaintiffs-appellants-respondents, to the extent of granting plaintiffs' motion for summary judgment on the first cause of action, and, as so modified, affirmed.