■ In the Matter of SUSAN LAWRENCE et al., Respondents, v 5 HARRISON ASSOCIATES, LTD., Appellant. [742 NYS2d 826] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered July 5, 2001, after a nonjury trial, in an action for interference with an easement for light and air, in favor of plaintiffs, owners of condominium units, and against defendant, owner of a lot abutting plaintiffs' building, in the amount of $150,000 per condominium unit, unanimously affirmed, with costs.

We reject defendant's argument that the extent of the subject easement, which was clearly described in a conveyance to plaintiffs' predecessor, the sponsor of their condominium's conversion, should be limited to what was necessary to obtain the residential certificate of occupancy for plaintiffs' building, in accordance with the claimed intention of the parties' predecessors. The manifestations of intent urged by defendant are the "Whereas" clauses of the easement conveyance itself, the prior contract of sale between the parties' predecessors placing the easement in a different location, and a contemporaneous agreement requiring the grantor of the easement to modify the easement in the event such was necessary to comply with the minimum light and air requirements for obtaining a certificate of occupancy. These grounds were rejected by the trial court in favor of testimony that plaintiffs, who were then prospective purchasers of prospective condominium units in the building, were demanding additional light and air in accordance with that actually conveyed. Even assuming the existence of an ambiguity, which would allow the court to consider that testimony, no basis exists to disturb this finding of fact. Any ambiguities in an easement are to be construed in the manner most favorable to the grantee and its successors (*see,*

*Levy v T.C.A. Hudson St.*, 28 AD2d 96, 98, *affd* 22 NY2d 662), and the writings outside the actual easement descriptions relied on by defendant do not state that the easement's only purpose is to qualify plaintiffs' building for a certificate of occupancy. In any event, the easement's language is not ambiguous, and thus "it alone may be considered in determining the true intent of the parties to the grant, to the exclusion of the circumstances surrounding the conveyance and the situation of the parties" (*Miller v Edmore Homes Corp.*, 285 App Div 837, 838, *affd* 309 NY 839). Damages were properly assessed upon the basis of plaintiffs' expert's testimony, whose opinions were not challenged by any opposing expert. Concur— Mazzarelli, J.P., Lerner, Rubin, Marlow and Gonzalez, JJ.