■ RICHARD RIBELLINO, Appellant, v 110 FIFTH STREET PRIVATE, LLC, Respondent. [977 NYS2d 289]—

In an action, inter alia, for a judgment declaring that the plaintiff is permitted to park on an easement over certain land owned by the defendant, the plaintiff appeals from a judgment of the Supreme Court, Kings County (F. Rivera, J.), dated July 5, 2012, which, after a framed-issue hearing, declared that the plaintiff is prohibited from parking on the subject easement as defined in the parties' settlement agreement dated July 21, 2011.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of an amended judgment declaring that the plaintiff is permitted to park on the subject easement as defined in the parties' settlement agreement dated July 21, 2011.

In 1987, the plaintiff purchased real property in Brooklyn benefitted by an easement. Previously, in 1950, the Brooklyn Improvement Company created the easement by a grant in a deed, which provides "access to and the reasonable use" of an adjacent private road known as Fifth Street (approximately 30 feet wide and 298 feet long). At the time, the Brooklyn Improvement Company owned both the dominant and servient estates. The plaintiff's property includes, inter alia, five commercial buildings, three of which face Fifth Street, of which two may only be accessed by Fifth Street. In 1987, C & A Properties II Corp. (hereinafter C & A) owned the servient estate, consisting of Fifth Street and two other parcels of property adjacent to the plaintiff's property, which may only be accessed by Fifth Street. Since 1987, the plaintiff and his tenants have parked vehicles on Fifth Street. In 2008, the plaintiff commenced the instant action against C & A, inter alia, for a judgment declaring the plaintiff's rights concerning the easement. Thereafter, on August 25, 2010, the defendant purchased the servient estate from C & A. The defendant's principal operated a bus company and used the servient estate, inter alia, as parking for his buses. Pursuant to a stipulation dated October 22, 2010, the defendant was substituted in this action for C & A.

Thereafter, the parties entered into a so-ordered stipulation dated July 21, 2011, pursuant to which the parties agreed to limit the scope of the instant action to the single issue of "whether or not parking within Zones A and B (as defined by the incorporated settlement agreement) of the easement by [the plaintiff], his companies, affiliates, agents, employees, invitees, successors, assigns, servants, independent contractors, tenants, subtenants, and licensees is a reasonable or permitted use of the easement," to be determined by a court following a framed-issue hearing. In an incorporated settlement agreement dated July 21, 2011, the parties outlined their respective rights as to the easement. The easement was deemed divided into four different zones. Zones A and B lay directly adjacent to the plaintiff's property and extend on Fifth Street 15 feet from the plaintiff's property. The parties agreed that the plaintiff may use Zones A and B to load and unload vehicles, provided that such vehicles were parked parallel and as close to the plaintiff's property as possible. The parties agreed that double parking was prohibited.

At the framed-issue hearing, the defendant argued that parking on the easement by the plaintiff and his tenants unreasonably blocked the ingress and egress of its buses. The Supreme Court agreed with the defendant, holding that the plaintiff was prohibited from parking on the easement.

The grant of the easement specifically stated that the plaintiff shall have "access to and reasonable use" of Fifth Street, provided that such use did not "interfere with nor unreasonably obstruct reasonable use" of Fifth Street by other owners or occupants. To determine whether parking constituted a reasonable use of the easement, the court may consider the surrounding circumstances when the easement was executed to discover the purpose of the easement (*see Sassouni v Krim*, 68 AD3d 968, 970 [2009]; *Antonopulos v Postal Tel. Cable Co.*, 261 App Div 564, 566 [1941], *affd* 287 NY 712 [1942]). Here, however, no evidence was presented as to the circumstances surrounding the easement when it was executed in 1950. Nevertheless, there was uncontroverted evidence that, since 1987, the plaintiff and his tenants routinely parked on the easement, and there was no evidence that there was any objection to such parking prior to the instant action. As the plaintiff and his tenants continued to use the easement for parking for more than 20 years, without evidence of objection, such long-time use of the easement was compelling evidence of the scope and purpose of the easement substantiating the plaintiff's position (*see Di Leo v Pecksto Holding Corp.*, 304 NY 505, 514 [1952]; *Onthank v Lake Shore &*

*Mich. S. R.R. Co.*, 71 NY 194, 197 [1877]; *Albright v Davey*, 68 AD3d 1490, 1492-1493 [2009]; *Green v Mann*, 237 AD2d 566, 567 [1997]; *Mittnacht v Montana*, 205 App Div 643, 646 [1923]; *see also* 49 NY Jur 2d, Easements and Licenses in Real Property § 105). Contrary to the defendant's contention, the evidence was insufficient to establish that its use of the easement was obstructed. Given that the easement was 30-feet wide, the defendant failed to show that the plaintiff, by parking along his property, would block the ingress and egress of the defendant's buses, even with buses parked on the opposite side of the easement. Further, the defendant's contention that parking on the easement may lead to double parking, which would impede the defendant's ingress and egress from its property, was speculative and unsupported by the record, as the parties had agreed that double parking was prohibited.

Accordingly, the plaintiff is entitled to a judgment declaring that he is permitted to park on the subject easement as defined in the parties' settlement agreement dated July 21, 2011. Dickerson, J.P., Chambers, Roman and Miller, JJ., concur. **[Prior Case History: 36 Misc 3d 1209(A), 2012 NY Slip Op 51235(U).]**